THE STATE OF KANSAS, *Appellant,* v. GEO. S. BARNETT, *Respondent.*

*Criminal Appeal from Shawnee County.*

Article 5 of the amendments to the constitution of the United States *held* not to be applicable to any other than the proceedings in the United States courts, [7 Pet. R., 243,] and that there is no repugnancy between it and the act of the legislature of 1864, providing for the trial of offenses upon information filed.

A defendant not coming within the exceptions named in that act is entitled under it to a preliminary examination, and may plead its omission, but *held* that it is not necessary that the information should allege such examination or a waiver of it, that being a matter which goes, not to the merits of the trial, but to the regularity of the previous proceedings. 10 *Michigan R.*, 383.

The sufficiency of an information must be determined by the rules governing indictments, and neither can be quashed for such an omission. *Criminal Code, sec.* 96.

It is not requisite that the precise time of the commission of an offense should be pleaded if it is shown to have been within the limitation prescribed by statute.

Under sec. 94 Crim. Code, other words conveying the same meaning as those used in the statute are sufficient in defining a public offense.

A charge in an information, that defendant, the property of another, naming him, from the person, in the presence of and against his will, feloniously

did take with intent in so doing to rob, &c., *held* to be substantially the offense defined in section 67 of the act concerning crimes and punishments, and, under the liberal rule of construction laid down in the Criminal Code, *held* to be sufficient. Motion to quash ordered to be overruled.

The facts upon which the decision is founded are fully set forth in the subjoined opinion of the court.

*A. L. Williams*, County Attorney, for appellant.

*McArthur & Douthitt*, for respondent.

*Williams*, for appellant, submitted :

1st. The law authorizing the filing of informations is not in conflict with the fifth article of the amendments to the constitution of the United States. 5 *Mass.*, 257 ; *State* v. *Keyes*, 8 *Vt.*, 57 ; 7 *Peters*, 245.

2d. It was not necessary to aver that the defendant below had had a preliminary examination, to give the court jurisdiction. Courts take judicial notice of their own records. 10 *Mich.*, 372.

3d. An information should contain only the same averments as an indictment. A defect which does not tend to the prejudice of the *substantial* rights of the defendant upon the *merits* shall be ground for quashing. (*Crim. Code, sec.* 96.) The fact of a preliminary examination the court takes judicial notice of. *Crim. Code, sec.* 97 ; 32 *N. H. Rep.*, 285 ; 3 *Abb. N. Y. Dig.*, 338.

4th. Time not being an essential ingredient of the offense, it is sufficient if it be shown that the prosecution was commenced within the time prescribed by the statute of limitations. *Crim. Code, sec.* 91 ; 3 *Mo.*, 45 ; 9 *Cow.*, 537 ; 26 *Miss.*, — ; 1 *Whar., sec.* 261 ; 19 *Mo.*, 678 ; 26 *Id.*, 306.

5th. Where a statutory offense is an offense at common law, it is not necessary to follow the words of the statute in charging the commission thereof. 2 *Greene*, (*Iowa*) 162 ; 13 *Ala.*, 413 ; 3 *Kelly*, 417 ; 1 *Wheeler Crim. R.*, 450 ; 5 *T. R.*; 162 ; 1 *Bish. Crim. L.*, 317 ; 18 *Ohio*, 469, 476 ; 19 *Id.*, 379 ; 5 *Bac. Abr.*, 91.

No brief of respondent has been preserved.

*By the Court,* SAFFORD, J.

On the 22d day of December, A. D. 1864, an information was filed in the Shawnee County District Court against the respondent, charging him with the crime of robbery in the first degree under section 67 Criminal Act. The record shows that previous to the filing of said information the respondent had been arrested on said charge, brought before a justice of the peace, and after examination had was recognized to appear at the next term of said district court. A transcript of the proceedings before the justice was filed in the district court on the 20th of December, 1864. The proceeding by information was intended to be in accordance with the provisions of an act entitled "An act to abolish grand juries and to provide for the trial of offenses upon information," passed by the legislature of 1864, and approved Feb. 12th. *Laws* 1864, *p.* 111.

The body of the information reads as follows: "That George S. Barnett, late of the county of Shawnee at the county of Shawnee aforesaid, and within the jurisdiction of this court on the — day of ——, A. D. 1864, being then and there armed with an offensive and deadly weapon, to-wit: with one pistol commonly called a revolver, in and upon one George P. Roycraft, then and there being, feloniously did make an assault, and him the said George P. Roycraft, in bodily fear and danger of his life, then and there feloniously did put, and one mare of the value of one hundred and twenty-five dollars, one saddle of the value of three dollars, and one bridle of the value of twenty-five cents, of the personal property, goods and chattels of the said George P. Roycraft, from the person, in the presence of and against the will of the said George P. Roycraft, then and there feloniously did take, with intent in so doing, him the said George P. Roycraft, then and there to rob," *contra forma*, &c., which was verified by the oath of the said George P. Roycraft.

The State of Kansas v. Barnett.

At the May term of said court the respondent appeared and by his counsel moved the court to quash the information for the following reasons: "1st. Because the law authorizing the filing of said information is in conflict with the 5th article of amendments to the constitution of the United States. 2d. The court had no jurisdiction of the offense for the reason that it is not alleged in the information that the accused had had a preliminary examination, was a fugitive from justice or had waived examination. 3d. The offense was not alleged to have been committed on a day certain, but generally in the year 1864. 4th. The information is informal and insufficient, and does not charge any public offense known to the statutes of Kansas.

The court sustained the motion. The appellant excepted and brings the case here for review.

The several grounds for quashing the information will be considered in their order.

I. Article 5th of the amendments to the constitution of the United States provides that "No person shall be held to answer for a capital or other infamous crime unless on presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger."

It has been held by the highest judicial authority that this provision has no application to other than proceedings in the United States courts. In the case of Barron v. The Mayor and City Council of Baltimore, 7 Peters R., 243, Chief Justice Marshall, delivering the opinion of the court, said: " The constitution was ordained and established by the people of the United States for themselves, for their own government and not for the government of the individual states. Each state established a constitution for itself, and in that constitution provided such limitations and restrictions on the powers of its particular government as its judgment dictated. The people of the United States framed such a government for the United States as they

supposed best adapted to their situation, and best calculated to promote their interests. The powers they conferred upon their government were to be exercised by itself, and the limitations of power if expressed in general terms, are naturally, and we think necessarily applicable to the government created by the instrument. They are limitations of power granted in the instrument itself, not of distinct governments formed by different persons and for different purposes. If these propositions be correct the fifth amendment must be understood as restraining the power of the general government, not as applicable to the states.     *     *

" These amendments contain no expression indicating an intention to apply them to the state governments. This court cannot so apply them.

" We are of opinion that the provision in the fifth amendment, declaring, &c., is intended solely as a limitation on the power of the government of the United States, and is not applicable to the legislation of the states."

There are other authorities holding the same doctrine, but it is unnecessary to refer to them. The above case seems to be a leading one and is entirely satisfactory.

It follows, therefore, that there is no repugnancy between the act of the legislature providing for the trial of offenses upon information, and this amendment of the constitution of the United States. It was competent for the legislature to pass such a law, and it is binding upon the courts.

II. The second objection is based upon the fact that the information does not show on its face that the defendant had a preliminary examination, or had waived such examination, or was a fugitive from justice, &c. The law is as follows: " No information shall be filed against any person for any offense, until such person shall have had a preliminary examination therefor as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such examination: *Provided, however*, That information shall

be filed without such examination against fugitives from justice. Any fugitive from justice, against whom an information may be filed, may be demanded by the governor of this state of the executive authority of any other state or territory, or of any foreign government, in the same manner, and the same proceedings may be had thereon as provided by law, in like cases of demand upon indictment filed. *And provided further*, That the district judge may upon information or affidavits with him filed of the commission of crime, require the prosecuting attorney to prosecute any criminal by information for such crime, and may compel, by attachment, fine or imprisonment, a compliance with this section." *Sec.* 8, *chap.* 14, *Laws* 1864.

It is not doubted that a defendant may insist upon his right to a preliminary examination before he can be called upon to answer the information, unless he shall come within the description mentioned in the provisional clauses of this section, which is not pretended in this case, and if he has not had such examination, nor waived it, he may raise the question by plea setting up such fact. But we do not think it necessary that the information should allege that the accused had had a preliminary examination or had waived it. This is not a matter which goes to the merits of the trial, but to the regularity of the previous proceedings. *Washburn* v. *The People*, 10 *Mich. R.*, 383.

It will not be contended that an indictment would be bad for failing to allege that the grand jury, who found it, was composed of fifteen competent jurors, or that twelve of them concurred in the finding, (sections 57 and 77), or that the grand jury were impanneled, sworn or charged, or any other fact necessary to the legal constitution of that body. These are preliminary matters that need not be alleged or proven. What good reason can there be urged in favor of requiring an information to set out the fact of an examination, which is preliminary only and need not be proven on the trial?

But the information as to its sufficiency must be determined by the same rules that have heretofore governed and now govern in cases of indictment. An indictment cannot be quashed on account of any objection like that under consideration, (sec. 96), nor can an information.

III. But it is objected that the information should have alleged the *month* and *the day* on which the crime was charged to have been committed.

The rule is well settled, that it is not requisite that the precise time of the commission of an offense shall be stated in the indictment. But it is sufficient if shown to have been within the statute of limitations, except when the time is an indispensable ingredient in the offense. *See also Criminal Procedure, sec.* 91.

The offense charged in the information does not come within the statute of limitations. It is therefore sufficient.

IV. It is contended that the information does not charge a public offense. Sec. 94, Criminal Procedure, provides that words used in the statute to define a public offense need not be strictly pursued, but other words conveying the same meaning may be used.

The statute upon which the charge in this case was based, is as follows: " Every person who shall be convicted of feloniously taking the property of another from his person or in his presence and against his will, by violence to his person or by putting him in fear of some immediate injury to his person, shall," &c. (*See Crimes and Punishments, sec.* 67.) It is true that the information does not describe the offense in the exact words of the statute, (see above,) but the meaning of the words used is substantially the same with that of the words of the statute.

This being true, the objection is merely technical, and the rule laid down in the statute requires that technical errors, or defects or exceptions which do not affect the substantial rights of the parties shall be disregarded.

The judgment of the District Court quashing the information in this cause is reversed, and the cause remanded with instructions to overrule the motion to quash.

All the justices concurring.