## The State, Plaintiff in Error v. Hamilton.

1. **Perjury, Indictment for :** grand jury. An indictment for perjury in taking a false oath before a grand jury, should express directly that the defendant appeared and was sworn before the grand jury. It is not sufficient that this be stated inferentially or argumentatively.

2. **Dates** must be correctly set out in an indictment. ·

3. **A Writ of Error** does not lie on behalf of the state in criminal cases.

*Error to Stoddard Circuit Court.*—Hon. R. P. Owen, Judge.

*J. L. Smith*, Attorney General, for the State, cited *State v. Terry*, 30 Mo. 369.

NORTON, J.—An indictment was found againt defendant, by the grand jury of Stoddard county, for perjury at the June term, 1874, of the circuit court of said county. Defendant filed his demurrer to the indictment, which was sustained by the court and judgment entered for defendant, to reverse which, plaintiff brings the cause here by writ of error.

The indictment is framed on the 1st section, Wag. Stat., p. 476, which is as follows: " Every person who shall willfully and corruptly swear, testify or affirm falsely to any material matter, upon any oath, affirmation or declaration legally administered, in any cause, matter or proceeding before any court, tribunal or public body, or officer, and whoever shall falsely, by swearing or affirming, take any oath prescribed by the constitution of this State, or any law or ordinance thereof, when such oath shall be legally administered, shall be deemed guilty of perjury." The indictment is of such length as to prohibit its entire insertion herein, and we shall only notice so much of it as we think is materially defective. It alleges that " the grand jurors, &c., on their oaths present, that heretofore, to-wit: at the December term, 1873, of the circuit court within and for the county of Stoddard, on the 6th day of December, 1873, before a public body and tribunal, to-wit: before William A. Maples " (and seventeen other persons named in the indictment,) " good and lawful men of said county of Stoddard, then and there duly empanneled, sworn and charged to inquire and true presentments make, &c., of all felonies and misdemeanors in said county of Stoddard committed, it then and there became and was a material question whether within one year next preceding said 6th day of December, 1874, one Samuel J. Bartlett, &c., at the town of Dexter, in said county of Stoddard, played at a game of chance, to-wit: a game of cards for money and property; and that on said 6th day of December, 1873, during the session of said circuit court, &c., before the said good and lawful men, who were then and there so sworn

and charged as aforesaid, one James L. Hamilton appeared as a witness, and was then and there sworn, &c."

The indictment is defective in not alleging that the public body and tribunal was a grand jury. If such was the intention of the pleader it should have been expressed directly and not inferentially or argumentatively. It is nowhere alleged, that the good and lawful men so often referred to in the indictment, were ever organized as a grand jury, except argumentatively; nor is it alleged, except in the same way that the defendant appeared before said good and lawful men, while they were organized and discharging the duties of a grand jury.

But if such charge had been made in the indictment, it would still be insufficient. It is alleged in the indictment that the public body and tribunal was charged and sworn on the 6th day of December, 1873, to inquire into and true presentments make, &c., and that it then and there became a material question whether within one year next preceding the 6th day of December, 1874, one Samuel Bartlett had unlawfully played at cards for money or property. The grand jury organized in December, 1873, could only inquire into those misdemeanors which may have been committed within twelve months next preceding the 6th day of December, 1873, and the allegation that it was a material question before them whether within one year next preceding December, 1874, Samuel Bartlett had played cards for money, makes the indictment inconsistent and repugnant.

If this case were properly here, the judgment would be affirmed, but inasmuch as the cause has been brought to this court by writ of error on the part of the State, and as it has been held at this term, that a writ of error on behalf of the State does not lie, the writ is dismissed; in which the other judges concur.

DISMISSED.