## The State v. Frisby, *Appellant.*

**Criminal Law :** PERJURY : EVIDENCE : VARIANCE. In a prosecution for perjury, the prosecutor must prove, in substance, the whole of what has been set out in the indictment as having been sworn to by the accused ; it must be proved either literally or substantially as set out, and any variance in substance between the indictment and the evidence, in this respect, will be fatal.

*Appeal from Cooper Circuit Court.*—HON. E. L. ED-WARDS, Judge.

REVERSED.

*Cosgrove, Johnston & Pigott* for appellant.

(1) The defendant was charged with having committed perjury, in swearing that he did not enter and drink intoxicating liquors in a certain tippling shop on Sunday, the twenty-fourth day of December, 1883. The testimony should have been confined to his acts upon that particular day, and the court ought not to have permitted any witness to say that the defendant entered or drank in said shop on the twenty-fourth day of December, 1882. The allegations and proofs must correspond, when, as in the case at bar, time is of the essence of the alleged offence. The defendant might have truly sworn before the grand jury that he did not enter the saloon on the twenty-fourth day of December, 1883, and yet have done so on December 24, 1882. Further, December 24, 1883, was Monday. The questions and answers upon this point were clearly immaterial, irrelevant and incompetent for any purpose. In a case reported in 1 Stark. Reps. 524 (cited in Barbour's Crim. Law, 197), there was an assignment of perjury on a policy of insurance, charged in the indictment to have been under-

written on August 13 ; which, upon the production of the policy proved to be the fifteenth of August ; the court held the variance fatal. A *fortiori* the variance in this case is fatal. (2) The question asked of witness, Williams, was obnoxious to the same objections urged against the other questions, and was further improper because leading. The question should have been so framed as not to suggest the answer to the witness ; and in the form asked, the question was prejudicial to defendant. (3) After the parties had announced that all · the evidence was adduced, and had rested, and the defendant's counsel had prepared and handed to the prosecuting attorney their instructions to be submitted to the court, having examined the same, the prosecuting attorney called and had sworn as a witness, Benjamin Goodman ; who testified, that Maria Sellinger, on December 24, 1882, kept the saloon and had a man named Haller there to help her. The questions and answers were subject to the same objections as were the other questions and answers ; and the action of the court in permitting said witness to be called and to testify, was, under the circumstances, highly improper and unfair to the defendant. Before this witness testified there was not a scintilla of evidence that the saloon was kept by any one but Sellinger, and defendant's sixth instruction called the attention of the jury to that fact, hence the action of the prosecuting attorney in the premises.

*B. G. Boone*, Attorney General, for the state.

(1) The indictment is sufficient. It properly avers the body before whom the oath was taken, states its authority to administer the same, and that the testimony alleged to be false was material to the matter or issue named. R. S., sec. 1424; *State v. Cave*, 81 Mo. 450; *State v. Huckeby*, 87 Mo. 414. (2) There is no valid

ground of objection in that the indictment (which was found at the July term, 1883), alleges that the defendant swore that he did not enter the said ale and tippling house on the twenty-fourth day of December, 1883. It constitutes no objection to an indictment, because of its "stating the time imperfectly, nor for stating the offence to have been committed on a day subsequent to the finding of the indictment or information, or on an impossible day, or on a day that never happened." R. S., sec. 1821. Such an error is merely clerical and this court will not reverse. *State v. Eaton*, 75 Mo. 586; *State v. Burnett*, 81 Mo. 119.

Norton, C. J.—The defendant was tried in the Cooper county circuit court on an indictment charging him with the crime of perjury, and appeals from the judgment of conviction obtained by the state on the trial. The indictment alleges, substantially, that the grand jury had before it for investigation the question whether or not one Sellinger and Haller, or either of them, did, on the twenty-fourth day of December, 1882, said day being Sunday, keep open an ale house, or tippling shop, by permitting persons to enter the same and drink liquors therein; that in said investigation Henry Frisby was sworn as a witness, and it was a material matter of enquiry in said investigation whether or not, "he, the said Frisby, did, on the twenty-fourth of December, 1882, enter the said ale house and drink intoxicating liquors therein, and that said Frisby, in answer to questions propounded to him did, feloniously, wilfully, corruptly and falsely swear, in substance, and to the following effect, to-wit : ' That he did not, on the said twenty-fourth day of December, 1883, enter the said ale house and tippling shop and drink intoxicating liquors therein, whereas, in truth and in fact, the said Henry Frisby, did, on the said day, enter said ale house and tippling shop and drink intoxicating liquors therein.' ''

The State v. Frisby.

On the trial the state was permitted, over defendant's objection, to prove that defendant swore before the grand jury that he did not enter the said ale house on the twenty-fourth day of December, *1882*, and drink intoxicating liquor therein, and also to prove that defendant did, in fact, enter said saloon and drink intoxicating liquor therein, on the twenty-fourth· day of December, 1882. We are of the opinion that the court erred in admitting this evidence, for the reason that the statement alleged in the indictment to have been made by defendant, and on which perjury was assigned, is, that defendant did not, on the twenty-fourth day of December, 1883, enter said ale house and drink intoxicating liquor therein, and the evidence received had not the slightest tendency· to prove the allegations of the indictment as to what defendant did swear to. In a prosecution for perjury we understand the rule to be, that it is necessary for the prosecutor to prove in substance the whole of what has been set out in the indictment as having been sworn to by the defendant, and that it must be either literally or substantially as set out, and that any variance in substance between the indictment and evidence in this respect will be fatal. The rule is thus laid down in Barbour's Crim. Law, 201 and 1971; 2 Arch. Crim. Prac. 1735; 2 Chitty Crim. Law, 312.

This rule is not infringed upon by anything said in the cases, referred to by the Attorney General, of *State v. Eaton*, 75 Mo. 586, and *State v. Burnett*, 81 Mo. 119, but is sustained by the case of *State v. Hamilton*, 65 Mo.· 667.

The judgment for the reason given will be reversed. All concur.