THE STATE OF KANSAS v. GEORGE W. AYER.

PERJURY—*Insufficient Information.* An information in a prosecution for perjury is insufficient where there is no allegation that the false testimony was given in any cause, matter or proceeding before any court, tribunal, public body, or officer.

*Error from Barber District Court.*

PROSECUTION for perjury.    At the June term, 1888, the defendant, *George W. Ayer,* was tried, convicted, and sentenced to imprisonment in the state penitentiary for one year. He appeals.    The opinion states the material facts.

*R. A. Cameron,* for appellant.

*S. B. Bradford,* attorney general, for The State.

Opinion by HOLT, C.: This was a prosecution for perjury, in the Barber district court.    The only question we shall consider is, whether the information is sufficient to sustain a verdict of guilty and a judgment thereon.    The information states, in substance, that George W. Ayer did unlawfully,

feloniously, willfully, corruptly and falsely make, subscribe and swear to an affidavit, setting forth the same in full.    The affidavit was in reference to the proof of one B. F. Teal upon one hundred and sixty acres of land; then followed the allegation that the affidavit was false and untrue, and known to be so by the defendant when he took and subscribed the same; that it was taken before H. H. Hardy, probate judge of Barber county; then this allegation: "Said affidavit being used in affecting and setting aside the entry of B. F. Teal to the land mentioned in said affidavit, and the allegations therein being then and there material."    This is all the information contained concerning the purpose for which it was taken and intended to be used.    The information was attacked by motion to quash, and after verdict, by motion in arrest of judgment. Sec. 148, ch. 31, Comp. Laws of 1885, is:

"Every person who shall willfully and corruptly swear, testify or affirm falsely to any material matter, upon any oath or affirmation, or declaration legally administered in any cause, matter, or proceeding before any court, tribunal, or public body or officer, shall be deemed guilty of perjury."

There is no allegation in this information, nor was the court informed, that there was any cause, matter or proceeding before any court, tribunal or public body or officer, in which this affidavit would be offered.    The statute provides, in § 153 of said chapter 31, that it is unnecessary to set out the authority of the court before whom the perjury was committed, but it is certainly necessary to name the court in which this testimony was proposed to be used.    It fails to do so, and for this reason fails to state a public offense under our statutes. (*The State v. Hamilton*, 65 Mo. 667; 2 Whar. Cr. Law, 7th ed., § 1292, *et seq.;* Kelly, Cr. Law, § 736.)    We therefore recommend that this judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.