## THE STATE OF KANSAS v. JOHN GEER.

1. SUBORNATION OF PERJURY — *Fatally Defective Information.* An information for subornation of perjury which fails to state that the false affidavit or testimony of the suborned witness was used, or procured to be used, in some cause, matter or proceeding, before some court, tribunal, or public body or officer, is fatally defective.

2. ——— *Rule.* In subornation of perjury, the same rule as to the materiality of testimony prevails as in perjury.

### *Appeal from Coffey District Court.*

PROSECUTION for subornation of perjury. Trial at the November term, 1890; conviction and sentence to the penitentiary for three years. The defendant, *John Geer*, appeals. The opinion states the material facts.

*S. M. Porter,* for appellant.

*J. N. Ives,* attorney general, and *M. M. Brown,* for The State.

34 — 46 KAS.

Opinion by GREEN, C.: Appellant was prosecuted and convicted of the crime of subornation of perjury in the district court of Coffey county, and sentenced to confinement in the penitentiary for three years, and adjudged to pay the costs of the prosecution. He appeals from such sentence and judgment. The information charged substantially that Margaret F. Mickens unlawfully, feloniously, willfully, corruptly and falsely committed willful and corrupt perjury, by swearing and subscribing to a complaint before L. S. Robinson, a justice of the peace of Coffey county, in which she charged her father, John Mickens, with rape, incest, and bastardy; and that the defendant persuaded, incited, procured and suborned her to make the false oath. The information did not charge that the complaint was to be used in any proceeding pending or about to be instituted in any court or tribunal, or that it was made to be used as a complaint for the arrest, apprehension and examination of the person therein charged with crime; or that it was ever used or offered in any court or tribunal, or before any public body or officer. The information was challenged by a motion to quash before trial, and by a motion in arrest of judgment after a verdict of guilty.

Paragraph 2287 of the General Statutes of 1889, under which the information was filed in this case, reads:

"Every person who shall procure any other person, by any means whatsoever, to commit a willful or corrupt perjury, in any cause, matter or proceeding, in or concerning which such other person shall be legally sworn or affirmed, shall be adjudged guilty of subornation of perjury."

We think the information is materially defective. In a prosecution for subornation of perjury, it is necessary that all of the elements constituting the offense of perjury should be alleged and proved. It was nowhere alleged in this information that the false affidavit solicited and procured by the defendant was to be used as evidence in any cause, matter or proceeding, or before any court, tribunal, or public

body or officer, or that such evidence was even material. In prosecutions for subornation of perjury, the same rule as to the materiality of testimony prevails as in perjury. (2 Whar. Crim. Law, § 1330.) This court has recently decided, that to constitute perjury the false oath must be in some material matter, and that an information in a prosecution for perjury is insufficient where there is no allegation that the false testimony was given in any cause, matter or proceeding, before any court, tribunal, public body, or officer. (*The State v. Ayer,* 40 Kas. 43; *The State v. Smith,* 40 id. 631. See, also, *The State v. Simons,* 30 Vt. 620; *United States v. Wilcox,* 4 Blatchf. C. C. 391.)

We think the motion to quash the information should have been sustained, for the reason that it failed to state a public offense.

We recommend a reversal of the judgment.

By the Court: It is so ordered.

All the Justices concurring.