THE STATE OF KANSAS v. JOHN GEER.

1. SUBORNATION OF PERJURY — *Sufficient Information.* In a prosecution for subornation of perjury, if the information is otherwise sufficient, and charges that the defendant did unlawfully, willfully, corruptly and feloniously persuade, incite, procure and suborn the willful or corrupt perjury alleged, it is sufficient without alleging that the perjury was committed by reason and in consequence of the persuasion, procurement and subornation of the defendant.

2. FALSE AFFIDAVIT — *Person, When Guilty.* Where a person procures another by persuasion or threats to knowingly make a false affidavit before a justice of the peace, for the purpose of having a third person charged and arrested for a criminal offense under the statutes of the state, and such false affidavit and the testimony therein are material in the cause or proceeding before the justice, such person persuading, procuring or compelling the false affidavit to be made is guilty of subornation of perjury.

3. ———— *Evidence of Authority.* Proof that a justice of the peace or other public officer has acted as such in the administration of an oath is sufficient *prima facie* of his authority, without putting in evidence his commission, or other facts giving jurisdiction.

*Appeal from Coffey District Court.*

THE material facts are stated in the opinion. From a conviction and sentence, at the November term, 1891, the defendant, *Geer*, appeals.

*S. M. Porter*, and *O. P. Ergenbright*, for appellant.

*J. N. Ives*, attorney general, *M. M. Bowman*, county attorney, and *Manchester & Allen*, for The State.

The opinion of the court was delivered by

HORTON, C. J.: John Geer was charged with subornation of perjury, under § 150 of the act relating to crimes and punishments. He was convicted and sentenced to confinement at hard labor in the penitentiary of the state for the term of two years. He appeals to this court. Said § 150 reads:

"Every person who shall procure any other person, by any means whatsoever, to commit any willful or corrupt perjury in any cause, matter or proceeding, in or concerning which such other person shall be legally sworn or affirmed, shall be adjudged guilty of subornation of perjury."

It is contended that the trial court erred in overruling the motion to quash the amended information. In support of this contention, it is argued that the amended information should have shown that the perjury alleged to have been committed by Margaret F. Mickens was committed by her by reason and in consequence of the persuasion or procurement of Geer. This case was before this court at a prior term. The information was then held defective because it did not aver that the affidavit referred to was to be used in a matter or proceeding before some court, tribunal, or public officer; and that the affidavit or evidence was material. (*The State v. Geer*, 46 Kas. 529.) Subsequently an amended information was filed, and this information contained the allegations which were omitted in the former one. The amended information also alleged that Geer unlawfully, willfully, corruptly and

48 — 48 KAS.

feloniously persuaded, incited, procured and suborned Margaret F. Mickens to commit the willful perjury alleged. The amended information sufficiently charged Geer with the crime defined in § 150. .

It is next contended that the plea in abatement, which was interposed by Geer, should have been sustained, upon the ground that he had had no preliminary examination, nor had he waived his right thereto, prior to the filing of the amended information. It appears from the record there had been a preliminary examination. This, we think, was prior to the filing of the first information. We suppose it is intended to be claimed that, because the first information was defective, a second preliminary examination should have been had after the filing of the first and before the filing of the amended information. This court has already held that an informanation need not show that there has been a preliminary examination, or a waiver of such an examination. (*The State v. Barnett*, 3 Kas. 250; *The State v. Finley*, 6 id. 366.) Where a defendant has waived a preliminary examination, or where an attempt has been made to give him a preliminary examination, and reasonable notice has been furnished him thereby with regard to the nature and character of the offense charged, such examination is sufficient. (*The State v. Bailey*, 32 Kas. 83; *The State v. Spaulding*, 24 id. 1.)

It is further contended that the trial court erred in admitting the testimony of Margaret F. *Geer*, neé Margaret F. Mickens, the wife of John Geer. She was called, sworn and interrogated as a witness for the state. Her husband, John Geer, objected to her testifying, upon the ground that she was his wife. Mrs. Geer did not refuse or make any objection to testifying. While a court cannot require the wife to testify against her husband, it may permit her to do so voluntarily. We think in this case Mrs. Geer testified voluntarily. (Crim. Code, § 215; *The State v. McCord*, 8 Kas. 232.)

It is also contended, and this is the most serious matter in the case, that Geer cannot be convicted because Margaret F. Geer testified that she made the affidavit referred to in the in-

formation on account of his threats. At the time of making the false affidavit, her name was Margaret F. Mickens. The affidavit charged John Mickens, the father of Margaret, with rape, incest, and being the father of a child, with which Margaret was at the time pregnant. Mr. Bishop says that subornation of perjury "is a separate offense from perjury only in name; being in fact a particular sort of perjury, or in one form or another accessorily thereto. It is so even when made punishable by statute." (2 Bish. Crim. Proc., § 1019.) It was said by Wilde, J., in *Commonwealth v. Douglass*, 5 Met. (Mass.) 241, that "to constitute subornation of perjury, the party charged must have procured the commission of the perjury by inciting, instigating or persuading the guilty party to commit the crime."

The argument that Geer is not guilty because Margaret is a person of weak mind or easily influenced by threats is more specious than sound. The affidavit or testimony which she gave against her father was false. It was given by her knowing it to be false. If the evidence of the prosecution is to be believed, John Geer knew or believed that the testimony of Margaret against her father was false, and he also knew or believed that under his orders or direction Margaret would testify to that which he and she knew to be false. (*United States v. Denee*, 3 Wood, 39; *Watson v. The State*, 5 Tex. App. 11.) We think, under the statute, to constitute subornation of perjury the party charged is guilty if he procures the commission of the perjury or false testimony by inciting, instigating or procuring a person to commit the same in a cause, matter or proceeding before some competent court, tribunal or public officer, when the testimony is material. Margaret made the affidavit knowingly and falsely. The purpose of the affidavit and false testimony was to have John Mickens arrested upon a criminal charge. Margaret was the instrument or agent of John Geer. He procured her by persuasion, perhaps by threats, to give the false testimony. The statute reads: "By any means whatsoever." Morally Geer is as guilty as if he committed willful and corrupt perjury himself.

We think, under a fair construction of the statute, that Geer is guilty within its terms.

There is evidence tending to show that the affidavit was intended to be used in a criminal prosecution against John Mickens. This was sufficient. The person by whom the oath is administered may testify to the fact that he is an acting officer or magistrate, and his testimony, in connection with the original affidavit and jurat of the administration of the oath, is sufficient to show the oath was properly administered. Proof that a justice of the peace or other public officer has acted as such in the administration of an oath is sufficient *prima facie* of his authority, without putting in evidence his commission or other facts giving jurisdiction. (*Woodson v. The State*, Ct. App. Tex., 6 S. W. Rep. 148.)

The various other allegations of error urged are included, in one way or another, with these discussed; therefore, they need not be commented upon further.

The judgment of the district court will be affirmed.

All the Justices concurring.