No. 30,239.

THE STATE OF KANSAS, *Appellee*, v. O. O. GOBIN, *Appellant*.

(7 P. 2d 57.)

Opinion filed January 30, 1932.

A. E. Crane, of Topeka, and D. H. Postlethwaite, of St. Francis, for the appellant.

Roland Boynton, attorney-general, R. O. Mason, assistant attorney-general, Fred Rueb, county attorney, and Roy T. Johnson, of St. Francis, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The defendant in this action appeals from a judgment and sentence for perjury, assigning many errors, the first of which is the insufficiency of the information to charge the offense of perjury. This question was regularly and timely raised by a motion to quash the information.

The information set out an affidavit in full as well as the jurat before a notary public and alleged that it was executed and sworn

to by defendant for the purpose of being delivered to the county attorney to cause him to bring criminal proceedings against H. Leonard in the district court of Cheyenne county, and that such action had been brought by the county attorney, giving the title and number of the case, and that the affidavit was false and known by the defendant to be false. The statements in the affidavit were in substance that defendant had on the —— day of October, 1929, at a certain place, purchased from H. Leonard one pint of intoxicating liquor and paid him $2.50 therefor.

The argument made and the authorities cited by appellant would be convincing if perjury in Kansas were the same as common-law perjury, as it appears to be in many states where the legislative enactments as to perjury are codifications of the common law. But the statutes of this state on this subject include acts not within the common-law definition, and they enlarge the scope of the common-law crime of perjury by eliminating the requirement that the statement be made in a judicial proceeding.

"Many statutes define the term by enumerating the acts which shall constitute commission of the crime, including acts not within the common-law definition. Under varying statutory provisions it has been held that the intent of the legislature was to enlarge the scope of the common-law crime of perjury by eliminating the requirement of materiality of the statement, or the requirement that it be made in a judicial proceeding." (48 C. J. 821.)

The cases of *State v. Ayer,* 40 Kan. 43, 19 Pac. 403, and *State v. Smith,* 40 Kan. 631, 20 Pac. 529, are cited to show that Kansas has followed the common-law requirements, but in the first case the information entirely omitted to state the officer before whom the affidavit given was to be used, as the county attorney is mentioned in this case, although the court no less than three times mentions the fact that it can be so used before an officer under our statute, which is clearly a departure from the common-law rule. In the Smith case, above cited, an affidavit was made under the search and seizure section of our prohibitory liquor law, R. S. 21-2123, and because the perjury information misdescribed the location where the intoxicating liquor was claimed to have been sold, in setting out the alleged false testimony given by defendant, it being concerning an entirely different location from that charged in the indictment for the violation of the liquor law and the defendant's affidavit, both of which were set out in the perjury information, the false oath in the testimony given was as a matter of law held not to be material

to the issues, although it was recognized as a proper case for perjury if the false testimony had been material.

The case of *State v. Geer,* 46 Kan. 529, 26 Pac. 53, is a very similar one to the Ayer case, *supra,* although it was for subornation of perjury, but the information was held to be defective because an affidavit as to rape and incest was not alleged to have been made to be used in a court or before a public body or officer. In this case, which was returned to this court after another trial, it was said: "There is evidence tending to show that the affidavit was intended to be used in a criminal prosecution against John Mickens. This was sufficient." (*State v. Geer,* 48 Kan. 752, 756, 30 Pac. 236.)

R. S. 21-701 in defining perjury includes acts before a public body or officer which are not within the common-law definition and thereby eliminates the requirement that the statement be made in a judicial proceeding. It is as follows:

"Every person who shall willfully and corruptly swear, testify or affirm falsely to any material matter, upon any oath or affirmation or declaration legally administered in any cause, matter or proceeding before any court, tribunal or public body or officer, shall be deemed guilty of perjury."

But this is not the only act on the subject. R. S. 54-105 was enacted at the same session of the legislature as the above quoted section, in 1868, and provides—

"All oaths and affirmations alike subject the party who shall falsify them to the pains and penalties of perjury."

These two statutes apparently include both perjury and false swearing as they were formerly and under the common law separately defined as follows:

"By the common law perjury is the willful and corrupt taking of a false oath, lawfully administered in a judicial proceeding or the course of justice in regard to a matter material to the issue or point of inquiry." (48 C. J. 820.)

" 'False swearing' has been defined as swearing to what deponent knows to be untrue, corruptly and intentionally, in a manner that is morally and willfully false as distinguished from being merely mistaken." (48 C. J. 821.)

Our statute calls both of these earlier offenses perjury and makes no discrimination as to the punishment.

Appellant contends that if R. S. 54-105 intended to define the crime of perjury it is not included in the title of the act and is therefore not within the requirement of section 16, article 2 of the constitution, but this section was reënacted in the revision of the statutes in 1923, which would cure any defect of this kind there

might have been in the original enactment, as was held first in *State, ex rel., v. Davis, Governor,* 116 Kan. 663, 229 Pac. 757, and later in *City of Wichita v. Wichita Gas Co.,* 126 Kan. 764, 271 Pac. 270, and several other decisions to the effect that all statutes included in the 1923 revision became immune to any attack based upon mere insufficiency of title, irregularity in previous legislative history and such like formal defects.

We think the allegations of the information are sufficient to charge the crime of perjury, and the motion to quash the information was properly overruled.

Appellant assigns error in the refusal of the trial court to give instructions 5 and 6, requested by the defendant, and in failing to give the substance of them or any instruction to the same effect. They were as follows:

"5. You are further instructed that you must find for the defendant unless there are two witnesses who can positively establish the falsity of the oath as set out in the information, or that there be the evidence of one witness supported by corroborating circumstances.

"6. You are instructed that the contradictory evidence of one witness alone is not sufficient evidence upon which to find the defendant guilty."

The only testimony given upon the trial as to the falsity of the statements contained in the affidavit as to the sale of intoxicating liquor by H. Leonard on the —— day of October, 1929, to defendant was given by H. Leonard himself, who testified positively as follows:

"I never sold any liquor to Mr. Gobin. I never saw him until the preliminary here. I have never sold any liquor to anyone, nor have I engaged in the liquor business. I am a farmer, and live east of Bird City."

It is not claimed by the state that there was any other testimony given as to the sale of liquor, nor any circumstances that would corroborate the testimony of Leonard. It makes a case of oath against oath, as stated and discussed in the textbooks, and is insufficient when it involves the truth or falsity of a statement to overcome the presumption of innocence. Originally two witnesses were required to establish the falsity of a statement made under oath in a perjury case, but now conviction may be had upon the positive testimony of one witness and proof of corroborating circumstances. This is not by virtue of any statutory requirement, but is said by Mr. Wigmore to be the single common-law exception to the doctrine that one witness alone may suffice and that the rule

was indirectly borrowed from the civil law. (See 4 Wigmore on Evidence, 2d ed., 320.)

"A statement of accused, directly contradicting that upon which the perjury is assigned, is not sufficient evidence of the falsity of the latter, but other additional extrinsic evidence is necessary to establish its falsity.

"It was formerly held that a conviction for perjury could not be had except upon the direct testimony of two witnesses.

"The early rule has been repudiated, and now a charge of perjury may be sustained, either by the testimony of two witnesses or by that of one witness and corroborating circumstances." (48 C. J. 900.)

"Although it seems to have been once the rule that to support a conviction for perjury the evidence of two witnesses was required to establish the falsity of the oath on which the indictment was based, yet it is now well settled that such a conviction may be had on the evidence of one witness supported by proof of corroborating circumstances." (21 R. C. L. 272.)

"According to the earlier cases no conviction of perjury could be had unless the falsity of the evidence given under oath was proved by the direct evidence of two credible witnesses, the evidence of the second witness being required to overcome the presumption of innocence which the law indulged in favor of the accused. Such is not now the law. The accused may be convicted on the evidence of one witness, which, however, must in all cases be corroborated. The corroboration by circumstances must be strong, though it need not be equivalent or tantamount to another witness; but it must be clear and positive and so strong that, with the evidence of the witness who testifies directly to the falsity of the defendant's testimony, it will convince the jury beyond a reasonable doubt." (Underhill on Criminal Evidence, 3d ed., 916.)

This rule is fully recognized in 4 Wigmore on Evidence, 2d ed., 323, as existing and being generally in use in the United States, but it is severely criticized by the distinguished author as being incongruous to our system, indefensible and one that has outlived its usefulness.

"It is a general rule, that to warrant a conviction under an indictment for perjury, there should be at least one witness to the *corpus delicti,* or the falsity of the matter assigned as perjury, and that the testimony of such witness be corroborated, either by another witness, or by circumstantial evidence sufficiently strong to satisfy the jury beyond a reasonable doubt of the guilt of the accused." (*State v. Courtright,* 66 Ohio St., 35, syl.)

". . . the penal code, respecting the *quantum* of evidence necessary in perjury cases, will be satisfied if there be the testimony of one witness to facts that are absolutely incompatible with the innocence of the accused, corroborated by circumstances which, of themselves, and independently of such directly inculpatory evidence, tend, with a reasonable degree of certitude, to show that the accused is guilty as charged." (*People v. Casanova,* 54 Cal. App. 439, syl. ¶ 2.)

"No person can be lawfully convicted for perjury on the unsupported testimony of one witness. The charge should be supported by at least two witnesses, or by one witness and corroborating circumstances." (*Goltry v. State*, 24 Okla. Cr. 127, syl.)

"To support a conviction for perjury, it is not essential that there be two witnesses to the falsity of accused's testimony. It is sufficient if there be direct testimony of one witness and corroborating circumstances . . ." (*Wright v. State*, 30 Okla. Cr. 425, syl. ¶ 3.)

"The general rule in prosecutions for perjury is that the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused set forth in the indictment as perjury. The application of that rule in federal and state courts is well-nigh universal." (*Hammer v. United States*, 271 U. S. 620, 626, 70 L. Ed. 1119.)

To the same effect are decisions in many cases from other states, including the cases of *State v. Renswick*, 85 Minn. 19, and *Stone v. The State*, 118 Ga. 705, both of which have been quoted with approval by this court in the case of *State v. Wilhelm*, 114 Kan. 349, 219 Pac. 510, as follows:

"The evidence as to the part taken by defendant in procuring the giving of false testimony was abundantly sufficient. The charge of subornation of perjury is a separate offense and the testimony of a single credible witness is sufficient to establish it. In *Stone v. The State*, 118 Ga. 705, the court, after stating that perjury and subornation of perjury were separate crimes, said:

" 'The suborner's act is not committed by means of his oath, and one witness is sufficient to establish what he did: *State v. Renswick*, 85 Minn. 19, 88 N. W. 22. It is, however, necessary to show that the person suborned did actually commit the crime of perjury, and as to that portion of the case the court properly charged that the general rule as to perjury would apply, and two witnesses, or one witness and corroborating circumstances, would be necessary to establish the fact of perjury.' " (p. 353.)

(See, also, *State v. Saunders*, 122 Kan. 840, 253 Pac. 572, and *State v. Bingham*, 124 Kan. 61, 257 Pac. 951.)

Appellee cites holdings of this and other courts to the effect that a single witness is sufficient and no corroboration is necessary in certain other kinds of crime, such as treason and rape, or in support of the testimony of an accomplice, where formerly such additional proof was regarded as absolutely necessary, but, as quoted above from Dean Wigmore's works, perjury is the single exception now existing of this kind where no requirement is made by statute.

We think this rule of requiring either two witnesses or one witness and corroborating circumstances to establish the fact of perjury is not unjust or unreasonable, even if it is the single exception of the kind, and that we should, in harmony with most of the other juris-

dictions of this country, continue to recognize it as the rule in this jurisdiction. We therefore conclude that the trial court erred in refusing to so instruct the jury as requested by the defendant, and for that reason a new trial should be granted.

The claim of waiver and estoppel, urged by appellee, does not apply to the matter of instructions requested, and therefore requires no consideration in this connection. The remaining assignments of error need not be reviewed.

The judgment is reversed and the cause is remanded with instructions to grant a new trial.