(851 P.2d 394)

No. 68,064

STATE OF KANSAS, *Appellee,* v. MARCIA BARKER, *Appellant.*

Opinion filed May 7, 1993.

*Rick Kittel,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for the appellant.

*Brad L. Jones,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before BRISCOE, C.J., LARSON, J., and DAVID J. KING, District Judge, assigned.

BRISCOE, C.J.: Marcia E. Barker was convicted by a jury of one count of perjury, a violation of K.S.A. 1992 Supp. 21-3805(a)(1). She appeals both her perjury conviction and the sentence imposed.

As defined by 21-3805(a), "[p]erjury is willfully, knowingly and falsely swearing, testifying, affirming, declaring or subscribing to any material fact upon any oath or affirmation legally administered in any cause, matter or proceeding before any court, tribunal, public body, notary public or other officer authorized to administer oaths."

Barker's perjury charge arose out of testimony she gave at her March 6, 1991, trial for driving while under the influence and driving while adjudicated a habitual violator. Barker's testimony and the testimony of the highway patrol trooper, Michael Nich-

olson, differed significantly regarding the surrounding circumstances of Barker's arrest. Specifically, the perjury complaint stated Barker testified falsely in the following regards: (1) that she was not driving the car when the offenses occurred; (2) that a male was driving, but had taken the car keys and fled into an adjacent field; (3) that the keys she held were her house keys; and (4) that she was not under the influence of alcohol at the time.

Only Barker and Nicholson testified at the perjury trial. A partial transcript of Barker's March testimony was admitted as an exhibit. At the State's request, the court took judicial notice of the entire March proceedings. The significance of this judicial action is unclear because the jury was only provided with the partial transcript of Barker's testimony.

According to Nicholson's testimony at the perjury trial, while on patrol on November 25, 1990, he observed an oncoming brown Chevrolet drive onto the shoulder of the highway and then return to the highway. Nicholson turned his car around and followed the Chevrolet in an attempt to determine why the driver had driven onto the shoulder. As Nicholson's car caught up to the Chevrolet, the Chevrolet pulled over to the side of the road. Nicholson also pulled his car over and stopped behind the Chevrolet.

When Nicholson approached the Chevrolet, he observed Barker sitting behind the steering wheel with keys in her hand. Barker then placed the keys in her pocket. According to Nicholson, there was no one else in or around the Chevrolet. After smelling the odor of alcohol, Nicholson had Barker perform field sobriety tests and eventually arrested her. Nicholson asked for the keys, but Barker refused to give them to him. Because of her failure to cooperate, Nicholson eventually removed the keys from Barker's pocket. One of the keys turned in the ignition of the Chevrolet.

Barker's testimony differed in that she testified that another person, Charles Stuckey, was driving the Chevrolet that evening. According to Barker, Stuckey first started to pull the Chevrolet onto the shoulder of the highway, but noticed an oncoming car and decided to continue until the oncoming car had passed. The oncoming car was Nicholson's. According to Barker, when Nich-

olson arrived at the arrest scene, Barker was standing outside the Chevrolet and Stuckey remained somewhere in a nearby field. She testified the keys to the Chevrolet were inside the car.

Barker contends there was insufficient evidence to support her perjury conviction. Our appellate scope of review regarding this issue is well known:

"When the sufficiency of the evidence is challenged, the standard of review on appeal is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. [Citation omitted.]" *State v. Evans,* 251 Kan. 132, Syl. ¶ 1, 834 P.2d 335 (1992).

As regards the sufficiency of evidence question, Barker argues a different and unique quantum of evidence rule applies to perjury prosecutions. Barker relies upon the rule pronounced in *State v. Gobin,* 134 Kan. 532, Syl. ¶ 4, 7 P.2d 57 (1932), which states that "[t]wo witnesses or one witness and corroborating circumstances are necessary to establish the fact of perjury, and therefore the uncorroborated testimony of one witness as to the falsity of a sworn statement is not enough to support a conviction for perjury." This rule was most recently reaffirmed by the Kansas Supreme Court in *State v. Frames,* 213 Kan. 113, Syl. ¶ 1, 515 P.2d 751 (1973).

*Gobin* discusses the nature of the crime of perjury and recognizes that perjury cannot be established by only one person's testimony which counters the testimony of the defendant. As stated in *Gobin,* when the truth or falsity of a sworn statement is the basis for a criminal prosecution, oath against oath is insufficient to overcome the presumption of innocence which attaches to all criminal defendants. Barker argues there was insufficient evidence to support her perjury conviction because her conviction was based solely on the uncorroborated testimony of Nicholson.

The State argues Barker's own testimony provided corroborating evidence to support her conviction. The State notes that only portions of Barker's testimony differed from Nicholson's testimony and, therefore, the consistent testimony provided the necessary corroborating testimony. *Gobin* requires corroboration of Nicholson's testimony to establish the perjurious portions of Barker's

testimony. It is not sufficient that Barker's and Nicholson's testimony were consistent on points not at issue in the perjury charge. Although Nicholson's testimony clearly differed from Barker's testimony and appears to have supported the State's case against Barker, the State's evidence was limited to a comparison of the testimony. Therefore, under *Gobin,* the evidence was insufficient.

The State also challenges Barker's argument on the ground that it is being raised for the first time on appeal. As the State notes, issues not raised at trial generally cannot be raised for the first time on appeal. *State v. Crawford,* 246 Kan. 231, 234, 787 P.2d 1180 (1990). However, if a newly asserted issue involves only a legal question arising on proved or admitted facts which will be finally determinative of the case, or if consideration is necessary to serve the ends of justice or to prevent a denial of fundamental rights, an appellate court may consider the issue even though it was not considered by the trial court. *State v. Anderson,* 12 Kan. App. 2d 342, 343, 744 P.2d 143 (1987). If Barker stands convicted in the absence of evidence legally sufficient to support that conviction, our consideration of the issue is necessary to prevent a denial of fundamental rights.

To prohibit review of Barker's sufficiency of evidence argument would be contrary to the constitutional requirement that a conviction can be sustained only upon evidence which proves every element of a crime beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970), held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the accused] is charged." See *State v. Switzer,* 244 Kan. 449, 450, 769 P.2d 645 (1989) (citing *Winship* for the proposition that "[u]nder the Due Process clause of the 14th Amendment, no person may be convicted of a crime unless every fact necessary to establish the crime with which he is charged is proven beyond a reasonable doubt").

While *Gobin* does not speak to the actual elements of perjury, it establishes the minimum quantum of proof required to sustain a perjury conviction. Therefore, in the absence of this minimum evidence, the conviction obtained was based upon legally insuf-

ficient evidence. A conviction based upon insufficient evidence is *a fortiori* in violation of a defendant's due process rights.

Reversed and remanded with directions to vacate the conviction.