(957 P.2d 520)

No. 77,525

STATE OF KANSAS, *Appellee*, v. PAULA K. ELLIS, *Appellant*.

Opinion filed April 17, 1998.

*Michael J. Helvey*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Brett W. Berry*, assistant county attorney, *Bryan M. Hastert*, deputy county attorney, *Lawrence M. Wright*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., GREEN, J., and STEVEN R. BECKER, District Judge, assigned.

KNUDSON, J.: Paula Ellis appeals her jury trial conviction of criminal solicitation to commit perjury. See K.S.A. 21-3303; K.S.A. 21-3805. On appeal, Ellis contends that the evidence was insufficient because the quantum of proof required in a perjury case was not presented to the jury.

The facts of this case will not be repeated in detail. Ellis does not dispute the existence of evidence ordinarily deemed sufficient to support a criminal conviction; her contention is that a different and unique quantum of evidence rule applies to perjury prosecutions that was not met in this proceeding. Specifically, she relies upon the holding in *State v. Gobin*, 134 Kan. 532, Syl. ¶ 4, 7 P.2d 57 (1932), that "[t]wo witnesses or one witness and corroborating circumstances are necessary to establish the fact of perjury, and therefore the uncorroborated testimony of one witness as to the falsity of a sworn statement is not enough to support a conviction for perjury."

The holding in *Gobin* is still good law in this state. See *State v. Barker*, 18 Kan. App. 2d 292, 851 P.2d 394 (1993). Unfortunately for Ellis, however, this is not a perjury case, and the proposition

that "oath against oath is insufficient to overcome the presumption of innocence" is not applicable. 18 Kan. App. 2d at 294.

Ellis was charged and convicted of soliciting another person to commit perjury in a juvenile case pending against a family friend. This is an inchoate or anticipatory crime that has not the remotest resemblance to a perjury prosecution against Ellis that would invoke the holding in *Gobin*. Her claim of error is without legal merit.

Affirmed.