THE STATE OF KANSAS v. L. M. SPENCER.

INFORMATION, *to be Verified.*    An information charging a defendant with a criminal offense must be verified by the oath of the prosecuting attorney, complainant, or some other person.

*Appeal from Barber District Court.*

THE opinion states the case.

*R. A. Cameron,* county attorney; and *Sample & Long,* for appellant.

*Thomas George,* for appellee.

The opinion of the court was delivered by

HORTON, C. J.: The information against the defendant was drawn under § 183 of the crimes act. The defendant filed his motion to quash, upon the following grounds:

"Because the offense pretended to be charged is not clearly set forth in plain and concise language without repetition; because the information does not state facts sufficient to constitute an offense against the laws of the state of Kansas; because the information is not properly and duly verified; and because the court has no jurisdiction to hear and determine said case."

It does not appear from the record that the information was verified by the oath of the prosecuting attorney, the complainant, or any other person. (Criminal Procedure, §§ 67, 67a. All presumptions are in favor of the ruling of the court below; and as there is not attached or annexed to the information any verification, we may assume that the court quashed the same for that reason, if for no other. The following appears in the record:

"STATE OF KANSAS, BARBER COUNTY, *ss.*—R. A. Cameron, being duly sworn, deposes and says: That he is the county attorney of Barber county, Kansas; that he has read the above and foregoing information; and that the facts and statements therein set forth are as he is informed and verily believes.
                                R. A. CAMERON.

"Subscribed and sworn to before me, this 8th day of May, 1889.        FRANK HOLMES, *Clerk of the District Court.*
        [Seal.]        By S. L. ALLEN, *Deputy.*"

This, however, is not attached to the information, nor does it purport to be a part thereof. Following the information are the motion to quash, and the bill of exceptions. Then comes upon a separate paper the alleged verification; but

even this is defective in form, because it is not stated therein that the facts and statements of the information are true according to the information and belief of the prosecuting attorney. The word "true" is omitted.

As the record comes to us, we cannot infer that this alleged verification is a part or portion of the information, and therefore, as the information was never verified, the order and judgment of the district court must be affirmed.

All the Justices concurring.