No. 25,342.

THE STATE OF KANSAS, *Appellee,* v. CLAUDE POMEROY, *Appellant.*

SYLLABUS BY THE COURT.

LARCENY—*Automobile—Sufficient Evidence—Motion for New Trial.* On an appeal .from a conviction on a charge of stealing an automobile it is held that the evidence supports the judgment and that the newly discovered evidence is not of sufficient weight to justify a reversal of the decision of the trial court.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed June 7, 1924. Affirmed.

*Edward Rooney,* and *W. E. Atchison,* both of Topeka, for the appellant.

*Charles B. Griffith,* attorney-general, *Tinkham Veale,* county attorney, and *Ralph H. Gaw,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: The defendant appeals from a conviction on the charge of larceny of an automobile.

The state's case turned largely upon the identification of the defendant by a witness who testified to seeing him (with another person) take the car, which the owner had parked on the north side of Seventh street between Kansas avenue and Jackson street, in Topeka. The defendant urges that at the time referred to—between 7:30 and 7:40 p. m., December 23, 1922—there was not sufficient light at the place in question for a positive recognition of the defendant by the witness at the distance indicated by him, and that newly discovered evidence rendered his testimony incredible.

The defendant interprets the evidence at the trial as showing the stolen automobile to have been in front of the Ætna Building and Loan building, while the witness was in a car some twenty-five feet from him, in front of the Elks building. The state contends that under the testimony the stolen car was itself in front of the Elks building, the matter being important because two lights were burning in front of the entrance thereto. We find the record supports the state's contention in this regard.

At the hearing of a motion for a new trial evidence was presented, mainly by affidavits, to the effect that the reputation for veracity of the witness for the state already referred to was bad; that he had told two of the affiants, in substance, that he was going to testify

against the defendant because of his ill feeling toward him, and had told another that his testimony at the trial was untrue—these statements being denied in an affidavit of the state's witness; that he was engaged in a game of cards a block or so away from the scene of the theft at eight o'clock on the evening the car was stolen; and that there were no lights in front of the Ætna building on that night. So far as concerns the witness' general reputation, it would seem that evidence might have been obtained before the trial. Generally speaking, "newly discovered evidence which is merely cumulative is no ground for a new trial. . . . So, also, newly discovered evidence of hostility to a defendant in a criminal action on the part of a witness whose testimony was used against the defendant at his trial is not a cause for a new trial; nor is newly discovered evidence which goes only to impeach the credit of a witness sufficient ground for a new trial." (*The State v. Rohrer*, 34 Kan. 427, 433, 8 Pac. 718.) Exceptional circumstances may authorize a departure from this rule, but here we do not regard new evidence as having such force as to justify overruling the trial court.

The judgment is affirmed.