No. 38,028

Lorraine Leigh, *Petitioner*, v. Robert H. Hudspeth, Warden of the Kansas State Penitentiary, *Respondent*.

(219 P. 2d 1074)

Opinion filed July 8, 1950.

*Donald L. Randolph*, of Kansas City, argued the cause, and was on the briefs for the petitioner.

*Willis H. McQueary*, assistant attorney general, argued the cause, and *Harold R. Fatzer*, attorney general, was with him on briefs for the respondent.

The opinion of the court was delivered by

Parker, J.: This is an original proceeding in habeas corpus.

Petitioner is confined in the state penitentiary under a judgment and sentence of the district court of Allen county for larceny of an automobile. Prior to being sentenced he was tried and found guilty by a jury. Thereafter he took an appeal to this court which resulted in affirmance of the judgment. Throughout all proceedings he was represented by competent counsel.

The facts and circumstances leading up to and resulting in petitioner's present incarceration are fully set forth and reported in *State v. Leigh*, 166 Kan. 104, 199 P. 2d 504. So are this court's reasons for affirmance of the judgment of conviction.

The only grounds actually presented and relied on as requiring petitioner's release in this proceeding are (1) that the evidence in district court was insufficient to support a conviction for larceny, and (2) that the trial court erred in denying his motion for new trial. Each of the claims now advanced was fully presented, argued and disposed of by this court in *State v. Leigh*, supra. There is nothing new in either of them. Upon resort to the record of each proceeding it clearly appears petitioner is simply attempting to obtain a rehearing through the medium of habeas corpus. That he cannot do.

This court has repeatedly held that habeas corpus is not a substi-

tute for appeal (*Jamison v. Hudspeth,* 168 Kan. 565, 213 P. 2d 972; *Townsend v. Hudspeth,* 167 Kan. 366, 205 P. 2d 483). Analogous reasoning compels the conclusion it cannot be used as a guise for a second appeal. We so hold.

The writ is denied.