No. 39,058

NATHANIEL GERMANY, *Petitioner,* v. ROBERT H. HUDSPETH, Warden
of the Kansas State Penitentiary, *Respondent.*

(252 P. 2d 858)

Opinion filed February 5, 1953.

*Elisha Scott, Sr.,* of Topeka, argued the cause, and *Charles S. Scott,* and *John J. Scott,* both of Topeka, were with him on the briefs for the petitioner.

*William P. Timmerman,* assistant attorney general, argued the cause, and *Harold R. Fatzer,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.: This is an original proceeding in habeas corpus.

Petitioner is confined in the state penitentiary pursuant to a judgment and sentence of death by hanging rendered by the district court of Wyandotte county for commission of the crime of murder in the first degree. Prior to being sentenced he was tried and found guilty by a jury. Thereafter he took an appeal to this court which resulted in an affirmance of the judgment and sentence

of the district court (*State v. Germany*, 173 Kan. 214, 245 P. 2d 981). Subsequently, and on October 13, 1952, his petition for a writ of certiorari to this court was denied by the Supreme Court of the United States (*Nathaniel Germany, Petitioner, v. R. H. Hudspeth, Warden, etc., et al.*, 344 U. S. 845, 97 L. Ed. [Advance page 45], 73 S. Ct. 62). Throughout all proceedings he was represented by competent counsel of his own choosing.

The facts and circumstances leading up to and resulting in petitioner's conviction and present incarceration are fully set forth and reported in *State v. Germany*, supra. So are this court's reasons for affirmance of the judgment of conviction. Nothing is to be gained by repeating what already appears in our reports. Therefore, by reference, we make what is said in the decision of that case respecting the matters to which we have just referred a part of this opinion, as fully and completely as if they were set forth at length herein.

Petitioner's application for a writ of habeas corpus, filed in this court within a short time after his petition for a writ of certiorari had been denied, was promptly challenged by the respondent on the ground such pleading failed to state facts sufficient to grant the relief prayed for.

We have carefully examined the petition and in doing so have taken judicial notice of everything that was presented, considered, and determined by this court in *State v. Germany*, supra. When reviewed in that manner it appears from the allegations of the petition, giving them the greatest possible credence to which they may be entitled, that all matters of which petitioner complains and relies on as grounds for the issuance of a writ were either definitely passed on adversely to his present contentions after full consideration or, if they were not passed on, were matters which could or should have been raised by him in the trial court so as to be subject to review on appeal. The result, since this court is committed to the rule that a habeas corpus proceeding is not a substitute for appellate review (West's Kansas Digest, Habeas Corpus, §4) and cannot be used as a supplement to an appeal (*Harrison v. Amrine*, 155 Kan. 186, 124 P. 2d 202) or as a guise for a second appeal (*Leigh v. Hudspeth*, 169 Kan. 652, 219 P. 2d 1074), is that the petition discloses no basis for the granting of a writ of habeas corpus. Therefore the writ prayed for must be denied.

In conclusion it should be stated petitioner has filed an applica-

tion for an order to take depositions or for the appointment of a commissioner to hear testimony. In view of what has been heretofore stated it becomes obvious there is no necessity or sound ground for the granting of his application.

Writ denied.