No. 39,498

MERLE WILLIAM MARTIN, Alias William Merle Martin, *Petitioner*, v. C. A. EDMONDSON, Warden of the State Penitentiary, and THE STATE OF KANSAS, et al., *Respondents*.

(270 P. 2d 791)

Opinion filed May 24, 1954.

*Elmer Hoge,* of Overland Park, argued the cause, and *Roy W. Cliborn,* of Mission, was with him on the briefs for the petitioner.

*Paul E. Wilson,* Assistant Attorney General, argued the cause, and *Harold R. Fatzer,* Attorney General, *John Anderson, Jr.,* Special Assistant Attorney General, and *James R. Bradley,* County Attorney of Johnson County, were with him on the briefs for the respondents.

The opinion of the court was delivered by

PRICE, J.: This is an original proceeding in habeas corpus in which petitioner, who is confined in the state penitentiary awaiting execution of a death sentence, seeks to have his conviction set aside and a new trial.

Petitioner and one Isgrigg were charged in Johnson County with the commission of four felonies, the first count of the information charging murder in the first degree of one Carver, a deputy sheriff of that county. A severance was requested and granted, and petitioner was by a jury found guilty of all four counts of the information. His punishment on the first degree murder count was fixed at death. On the other three counts he was sentenced to terms of imprisonment which were not to begin to run except in the event the sentence on the first count was not carried out.

His motions for a new trial and in arrest of judgment being overruled, petitioner appealed to this court, and our opinion affirming the judgment of the trial court is found at *State v. Martin,* 175 Kan. 373, 265 P. 2d 297. Petitioner's motion for a rehearing was denied on January 26, 1954.

Subsequent to petitioner's conviction Isgrigg entered a plea of guilty to all four counts of the information and was sentenced to life imprisonment on the count charging murder in the first degree, and to a term of fifty years on the other three counts. He, like petitioner, is now confined in the state penitentiary.

Following certain proceedings, not material for our purposes, petitioner, through court-appointed counsel, filed a petition for a writ of habeas corpus in the United States District Court of the District of Kansas, and it appears that at the hearing thereon that court pointed out the fact that petitioner had not exhausted his remedies in the state courts and directed that before seeking relief in the Federal courts he should exhaust such remedies. Pursuant to such order, counsel who had been appointed to and who did represent petitioner at his trial in Johnson County and on the appeal to this court filed the

instant original proceeding in habeas corpus, and the matter thus stands for decision.

To do so would serve no useful purpose and therefore no attempt will be made to summarize the numerous contentions made by petitioner. All, with the exception of two, were noted, considered, and decided adversely to his contentions in the exhaustive opinion filed by this court in *State v. Martin,* supra.

The two additional contentions, however, will be discussed briefly.

First, it is contended by petitioner that at his preliminary hearing the examining magistrate erroneously refused to appoint counsel to represent him upon request therefor being made.

G. S. 1949, 62-615, provides that at the preliminary hearing for one charged with a felony such person "may be assisted by counsel in such examination," but we know of no statute or decision of this court, and none has been cited, which requires an examining magistrate to appoint counsel in such cases. The statute (G. S. 1949, 62-1304, later amended, and now appearing as G. S. 1953 Supp. 62-1304) pertaining to the appointment of counsel by the court applies to a defendant "about to be arraigned upon an indictment or information for any offense against the laws of this state." Obviously the latter statute refers to one being placed on trial upon an indictment or information in the district court and does not refer to a preliminary examination upon a complaint and warrant before an examining magistrate.

There is no merit to petitioner's contention with respect to this matter.

The other ground relied upon by petitioner for the issuance of a writ is as follows:

We are advised that subsequent to Isgrigg's incarceration in the state penitentiary pursuant to his plea of guilty to the charges of murder in the first degree and the other three felony counts, he made certain statements to respondent warden and other officials to the effect that it was he, and not petitioner, who fired the shots on the fatal night in question. In this connection, we have been furnished a transcript of a question-and-answer interview had by the officials with Isgrigg since his confinement in the penitentiary, which such "statement," we are advised, he refused to sign. Also, we have been furnished copies of affidavits and statements made by law-enforcement officers with respect to previous interviews with Isgrigg concerning events of the night in question, the substance of which is

contrary to the statements attributed to him at the more recent interview in the penitentiary.

Counsel for petitioner concede the general rule that when two persons embark upon a series of felonies such as petitioner and Isgrigg engaged in on the night in question, and a murder is committed, the question concerning which felon did the actual shooting is immaterial, and that both are equally guilty of murder (*State v. Bundy,* 147 Kan. 4, 75 P. 2d 236), but contend this:

It is argued that Isgrigg was unwilling to testify in petitioner's behalf at the latter's trial, and that, under the circumstances, he of course could not have been compelled to do so. It is contended that had the jury had before it the statements now attributed to Isgrigg it is highly probable a sentence of life imprisonment, rather than one of death by hanging, would have been returned, and for that reason it is strenuously urged that this court should now order a new trial for petitioner.

We are unable to agree with this contention.

Assuming, solely for the sake of argument, that Isgrigg's out-of-court statements to the effect that petitioner did no shooting on the night in question are true, such fact, under the circumstances, would not exonerate petitioner of the crime of murder in the first degree. Respondent cites a number of authorities from other jurisdictions, both Federal and state, but which, in the interest of brevity, are not set out herein, to the effect that a subsequent assertion of innocence by one convicted of a crime may not be considered in an application for a writ of habeas corpus. That such is the rule in this state is evidenced by what was said in *Crebs v. Amrine,* 153 Kan. 736, 745, 113 P. 2d 1084, 317 US 699, 87 L ed 559, 63 S Ct 441, 318 US 788, 87 L ed 1155, 63 S Ct 982; *Crebs v. Hudspeth,* 160 Kan. 650, 164 P. 2d 338, 328 US 857, 90 L ed 1628, 66 S Ct 1346; and *Merideth v. Amrine,* 155 Kan. 7, 122 P. 2d 759, 316 US 670, 86 L ed 1745, 62 S Ct 1047, 316 US 711, 86 L ed 1777, 62 S Ct 1275.

This matter might be a talking-point in an application for executive clemency in order to spare petitioner's life, but it affords no ground for release or for the granting of a new trial in a habeas corpus proceeding.

This proceeding is the third attempt in this court by petitioner to escape the penalty imposed upon him for conviction of murder in the first degree. A proceeding in habeas corpus cannot be resorted to as a substitute for an appeal. (*Engling v. Edmondson,* 175 Kan.

883, 885, 267 P. 2d 487.) In fact, what was said recently in a proceeding similar in many respects to the instant action applies to the situation here presented:

"The result, since this court is committed to the rule that a habeas corpus proceeding is not a substitute for appellate review (West's Kansas Digest, Habeas Corpus, § 4) and cannot be used as a supplement to an appeal (*Harrison v. Amrine,* 155 Kan. 186, 124 P. 2d 202) or as a guise for a second appeal (*Leigh v. Hudspeth,* 169 Kan. 652, 219 P. 2d 1074), is that the petition discloses no basis for the granting of a writ of habeas corpus. Therefore the writ prayed for must be denied." (p. 2—*Germany v. Hudspeth,* 174 Kan. 1, 252 P. 2d 858.)

The record discloses no ground for the issuance of a writ and it is therefore denied.