No. 39,876

Morris Eli Richardson, *Petitioner*, v. District Court of Finney County, State of Kansas, and C. A. Edmondson, Warden, Kansas State Penitentiary, et al., *Respondents*.

(292 P. 2d 705)

Opinion filed January 28, 1956.

*Morris Eli Richardson, pro se.*

*Harold R. Fatzer,* Attorney General, and *James L. Galle,* Assistant Attorney General, both of Topeka, were on the briefs for the respondents.

The opinion of the court was delivered by

Harvey, C. J.: This is an original proceeding in habeas corpus. The record discloses that the petitioner was charged with second degree forgery in two counts; that a trial was duly had by a jury and the petitioner was found guilty on each count. Thereafter, and on January 24, 1952, the court duly sentenced the petitioner to the penitentiary for a term not exceeding ten years on each of the counts, and decreed that the sentences should run consecutively. The petitioner is an inmate of our state penitentiary serving time upon the sentences above mentioned. His term of imprisonment has not expired.

We note an inaccuracy in the title. The district court of Finney County, State of Kansas, should not have been included in the title. The district court is not a litigant, and, in any event, no service of summons or anything tantamount to it was ever served on the district court of Finney County. Its name should be deleted from the title. C. A. Edmondson was warden at the Kansas State Penitentiary at the time the case was filed but he no longer holds that position. He was succeeded by Arthur Hoffman. The correct title now is Morris Eli Richardson, Petitioner, v. Arthur Hoffman, Warden, Kansas State Penitentiary, Respondent.

The only questions the petitioner presents in his petition for a writ of habeas corpus are alleged trial errors which could be considered only on appeal. No appeal was taken. Habeas corpus is not a substitute for appeal. See, *James v. Amrine,* 157 Kan. 397, 140

P. 2d 362; *Leigh v. Hudspeth,* 169 Kan. 652, 219 P. 2d 1074, and other cases cited in 3 Hatcher's Kansas Digest (Rev. Ed.), Habeas Corpus, § 3.

The result is that none of the complaints made by the petitioner would authorize or justify his release on habeas corpus. The writ, therefore, is denied.