No. 40,303 and No. 40,417

JAMES H. PHILLIPS, alias Arthur Osborne Phillips, *Appellant-Petitioner*, v. ARTHUR HOFFMAN, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee-Respondent*.

(303 P. 2d 121)

Opinion filed November 3, 1956.

Appellant was on the briefs *pro se*.

*Robert J. Roth*, assistant attorney general, argued the cause, and *John Anderson, Jr.*, attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This consolidated case consists of case No. 40,303, which is an original proceeding for writ of habeas corpus in this court, and case No. 40,417, an appeal from the denial of a writ of habeas corpus in the district court of Leavenworth county.

Different phases of this matter have appeared before us in two previous appeals. (*State v. Phillips*, 172 Kan. 505, 241 P. 2d 503; *State v. Phillips*, 175 Kan. 50, 259 P. 2d 185.)

We will refer to the parties as petitioner and respondent and for convenience we will first dispose of case No. 40,417.

Petitioner, who was represented by able counsel, was charged with perjury in an information; he was tried before and convicted by a jury in the district court of Reno county. The state introduced two former felony convictions and on October 4, 1952, petitioner was sentenced, under G. S. 1949, 21-107a, to a term of not less than fifteen years nor more than twenty years in the state penitentiary, which sentence he is now serving. He filed a motion for new trial which was overruled. The two previous cases before this court were appeals from this original presentation.

A petition for a writ of habeas corpus was filed in the district court of Leavenworth county wherein it was set out that the information under which petitioner was charged in the district court of Reno county was insufficient. He cited *State v. Gleason,* 32 Kan. 245, 4 Pac. 363; *State v. Spencer,* 43 Kan. 119, 23 Pac. 159; and *State v. Brown,* 63 Kan. 262, 65 Pac. 213, with which rules of law we take no issue, but an examination of those cases shows the situations there were entirely dissimilar to the one presented here. The same is true of other citations set out by petitioner and we need not discuss them.

The record shows petitioner not only waived his preliminary hearing, but he entered a plea of "not guilty" and proceeded to trial without objections, and he cannot now be heard to object thereto. (*State v. Blackman,* 32 Kan. 615, 618, 5 Pac. 173.) Those matters should have been raised in his appeals. (*Darling v. Hoffman,* 180 Kan. 137, 138, 299 P. 2d 594.)

A second contention that the sentence was incorrect is not well founded and furnishes no justification for the issuance of a writ because the sentence was proper under G. S. 1949, 21-107a. (See *Darling v. Hoffman,* supra, and cases discussed therein; *Ferguson v. Hoffman,* 180 Kan. 139, 140, 299 P. 2d 596.) Petitioner also contends that because a state trooper was not prosecuted for perjury of which petitioner thought the trooper was guilty, petitioner should not have been prosecuted but this, too, would be no justification for the issuance of the writ sought. For these reasons the decision of the trial court denying the writ is affirmed.

In the other case involving the original proceedings in this court requesting the issuance of a writ of habeas corpus *ad medicus,* petitioner states that as a result of an automobile accident, he suffered an injury which urgently needs treatment by an expert orthopedic

and neuro-surgeon; that the medical staff at the penitentiary is not competent to furnish this treatment and he is growing progressively worse; petitioner further states he has repeatedly been refused, and the state has failed to furnish him, a ward thereof, with competent medical and surgical treatment, as required by law, making the treatment accorded him cruel and unusual treatment or punishment.

Except for the admissions that petitioner is a prisoner confined to the state penitentiary, is a ward of the state, and as such is entitled to medical treatment, respondent denies petitioner has not been given adequate and competent medical and surgical treatment and alleges that he has received such care as his condition warrants.

Respondent contends, and correctly so, that a petition seeking the issuance of a writ of habeas corpus is not the proper proceeding to obtain the relief petitioner is requesting. Assuming for the time being that it were proper, the only justification for the issuance of the writ is an argument on petitioner's part setting forth unsupported and uncorroborated statements which would not sustain the necessary burden of proof. In *Ferguson v. Hoffman,* supra, it was stated that a matter such as this is to be raised on appeal and not by a habeas corpus proceeding. (p. 141.) It will not be necessary to discuss other contentions of respondent in view of what has already been said herein.

Examination of the record discloses that petitioner is not entitled to the writ sought.

The judgment of the trial court is affirmed in case No. 40,417 and the writ is denied in case No. 40,303.