No. 40,580

CHARLES W. WILSON, *Petitioner*, v. TRACY HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Respondent*.

(311 P. 2d 1009)

Opinion filed June 8, 1957.

Petitioner was on the brief *pro se.*

*Fred N. Six*, assistant attorney general, argued the cause, and *John Anderson, Jr.*, attorney general, was with him on the brief for respondent.

The opinion of the court was delivered by

ROBB, J.: This is an original habeas corpus proceeding.

In brief, petitioner was charged in an information, tried, and convicted of the crime of statutory rape committed on the 15th day of February, 1946. He denies that he is guilty. On May 28, 1946, he was sentenced by the Lyon district court to a term of from one to twenty-one years in the state penitentiary. He has served approximately eleven years of this sentence.

Petitioner has submitted his Federal Bureau of Investigation record to this court and claims that since that record shows he was in the city jail of Emporia on February 13, 14, 15, and 16, 1946, he could not have committed the crime of rape on February 15, 1946. Thus he complains that his confinement is repugnant to both the federal and state constitutions and is in violation of due process of law. By reason of these circumstances, petitioner seeks a writ of habeas corpus from this court.

The answer of respondent sets out a general denial but admits that petitioner is in custody, as alleged, under a valid conviction and commitment for the crime of statutory rape; petitioner was represented by competent counsel (George L. Allred) and was accorded a jury trial; the sentence has not expired nor has it been

commuted by the governor and petitioner is not entitled to the relief sought.

Respondent, by an abstract and brief, supplements the very limited record furnished by petitioner. It indicates that through his attorney petitioner had filed a motion for new trial, which was overruled by the trial court. The record discloses affidavits by the chief, assistant chief, and a special investigator, who were members of the Emporia police department at the time of the trial, wherein it was stated that the crime of statutory rape for which petitioner was tried and convicted was committed during the night of February 14-15, 1946; that petitioner was arrested for investigation in connection therewith and placed in the city jail of Emporia on the afternoon of February 15, 1946.

By his uncorroborated and unsupported statements petitioner claims he was confined in the city jail of Emporia from February 13 to 16, 1946, inclusive, but the Federal Bureau of Investigation report, which was identified by a member of that Bureau and has been placed in the record of this case, shows he was confined in such city jail only *on* February 15, 1946.

In this type of proceeding, the petitioner has the burden of proving the grounds upon which he relies for his release (*Engling v. Edmondson*, 175 Kan. 883, 885, 267 P. 2d 487) and he must establish his allegations by a clear and convincing preponderance of the evidence because a judgment of conviction bears a presumption of regularity and validity. (*Strong v. Edmondson*, 177 Kan. 247, 277 P. 2d 585.) The rule is well established that the standard of proof necessary to justify the issuance of a writ of habeas corpus is not met by uncorroborated and unsupported statements of the petitioner. (*Hartman v. Edmondson*, 178 Kan. 164, 166, 283 P. 2d 397; *May v. Hoffman*, 179 Kan. 149, 153, 293 P. 2d 265; *Phillips v. Hoffman*, 180 Kan. 273, 275, 303 P. 2d 121.)

Another well-settled rule to which we are committed in this jurisdiction is that a habeas corpus proceeding is not a substitute for an appeal, and trial errors and irregularities cannot be corrected or reviewed upon a petition for such a writ. (*Powers v. Hudspeth*, 161 Kan. 777, 173 P. 2d 251; *Richardson v. Edmondson*, 179 Kan. 62, 292 P. 2d 705.) Such matters as those raised by petitioner herein are to be raised on appeal and not by a proceeding in habeas corpus. (*Ferguson v. Hoffman*, 180 Kan. 139, 141, 299 P. 2d 596.)

Considering the contention of petitioner in the light most favorable to him, the F. B. I. record was available to him at the time of

his trial and also at the hearing on the motion for new trial (*Strong v. Edmondson,* supra) and the contention should have been raised by him then. He cannot wait eleven years and then raise the matter for the first time under a petition for writ of habeas corpus.

In view of the foregoing, we conclude petitioner has not shown any justification for his release on a writ of habeas corpus because the record fails to bear out his contention that he was incarcerated in the Emporia city jail at the time of the commission of the crime.

The writ is denied.