No. 40,749

STATE OF KANSAS, *Appellee,* v. CHARLES H. HALL, *Appellant.*

(320 P. 2d 860)

Opinion filed January 25, 1958.

*Charles H. Hall,* appellant, filed a brief *pro se.* *A. Price Woodard, Jr.,* of Wichita, argued the cause for the appellant.

*Richard K. Hollingsworth,* Deputy County Attorney, argued the cause, and *John Anderson, Jr.,* Attorney General, and *Warner Moore,* County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from a conviction of the offense of robbery in the first degree (G. S. 1949, 21-527). Having been twice previously convicted, defendant was sentenced under the provisions of G. S. 1949, 21-107a.

Defendant, who is presently confined in the state penitentiary, filed a brief *pro se,* and counsel who represented him in the trial court orally argued his appeal. The state prepared and filed a counter abstract of the record and in addition we have been furnished with a transcript of the proceedings in the trial court.

Defendant complains of various alleged trial "errors," but upon oral argument his counsel stated that the only complaint having any merit is that the verdict is contrary to the evidence.

On the night of May 29, 1956, Florence Evans was the clerk in charge of a retail liquor store in Wichita. About ten o'clock her niece came into the store to pick up a house key. A few minutes later a colored man entered. His face was "masked" with gauze-like material. He carried a revolver in one hand and a paper sack in the other, told Mrs. Evans that it was a "stick-up" and to "give me the money," and directed both to lie on the floor. She took the currency, which included one twenty-dollar bill, from the cash register and put it in the sack as ordered. She noticed there was a hat in the bottom of the sack. The robber went out into Mosley Street in front of the store and Mrs. Evans followed him until he waved her back. She immediately called the police.

Right at this moment witnesses Morgan, Redd and Lee were walking west on Eighth Street near the liquor store, and a man passed them running west on Eighth Street and turned on Meade Street and ran north. Also, right at this time, witnesses Johnson and Gibson were sitting on the front porch of a house in the immediate vicinity and saw a man run up Meade Street and turn and run by the south side of their house to the back yard. A few minutes later a police officer who had been in the vicinity drove by the house and was hailed by witness Gibson. The officer went to the rear of the house and saw the defendant starting toward him from the middle of the yard. Instead of obeying the officer's order to halt, defendant ran to the back of the yard toward an eight-foot fence. As the officer fired several shots in the air defendant climbed the fence and dropped into a warehouse yard and ran to another fence across the yard. In the meantime the officer had been joined by other policemen and as defendant climbed down from the second fence he was taken into custody.

Defendant was searched, and in one of his pockets a roll of currency was found, included in which was one twenty-dollar bill. His explanation was that as he was walking along Meade Street a man passed him, running north, and dropped a paper sack; that he picked up the sack, looked inside and saw the currency, and put it in his pocket.

Defendant was taken immediately to the liquor store, and as he was brought through the door Mrs. Evans exclaimed, "That is the man that robbed me." One of the officers noticed something in defendant's hair and removed his hat. It developed that this "something" was three long white strings of cotton yarn of the

type used in loosely woven material such as cheese cloth or bandage material. Defendant had no explanation for their presence in his hair. Mrs. Evans also identified the hat that defendant was wearing as the one that was in the paper sack in which she placed the currency. Upon searching the immediate area for physical evidence, police officers found at the southwest corner of the house on the porch of which witnesses Johnson and Gibson were sitting when they saw a man run into their back yard, a cement block under which was hidden a blue denim jacket, a pair of trousers and a revolver. This revolver was identified as being similar to that used in the holdup.

Defendant's explanation of his attempted flight when the police officers arrived on the scene was that "it was just natural instinct for him to run whenever he saw police officers." He did not testify at his trial.

It is contended that the testimony given by Mrs. Evans concerning the question whether the hands of the robber were light or dark brown was considerably "shaken," thus indicating that at the trial she was somewhat "confused" on the question of identity.

We have examined the record and are of the opinion that defendant's contention may not be sustained. There was ample evidence, both direct and circumstantial, portions of which have been summarized, from which the jury was justified in returning its verdict of guilty. It is the function of the jury, not that of an appellate court, to review and weigh the evidence and pass upon the credibility of witnesses. A verdict will not be disturbed on the ground it is not based upon sufficient evidence or is contrary to the evidence, where there is competent and substantial evidence to support it. (*State v. Haught*, 180 Kan. 96, 299 P. 2d 573; *State v. Osburn*, 171 Kan. 330, 232 P. 2d 451.)

We find no error in this record and the judgment is therefore affirmed.