No. 42,120

JAMES H. PHILLIPS, Alias ARTHUR OSBORNE PHILLIPS, *Appellant*, v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Appellee*.

(357 P. 2d 856)

Opinion filed December 10, 1960.

Appellant was on the briefs *pro se*.

J. *Richard Foth*, assistant attorney general, argued the cause, and *John Anderson, Jr.*, attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the order of the trial court denying petitioner a writ of habeas corpus and from the judgment remanding him to the custody of respondent.

Petitioner has had four previous appeals before this court and they will be referred to briefly. In *State v. Phillips*, 172 Kan. 505, 241 P. 2d 503 (March 8, 1952), this court reversed the trial court's conviction of perjury in three counts and ordered a new trial. Defendant was sentenced under our habitual criminal act (G. S. 1949, 21-107a) by reason of his two previous convictions for (1) practicing surgery without a license, in Arizona in 1947; and (2) defrauding the United States government, in the United States District Court for California in 1942. In the second appeal (*State v. Phillips*, 175 Kan. 50, 55, 56, 259 P. 2d 185, July 6, 1953) the former convictions were introduced and admitted into the evidence to show that defendant could not have been in medical school in Tennessee at the time he was in a penitentiary, and also on a matter of identity. On appeal this court determined the former convictions were properly admitted, and this was the only error regarding them and their introduction that defendant then claimed. Appeal three (*Phillips v. Hoffman*, 180 Kan. 273, 274, 303 P. 2d 121, November 3, 1956) was a consolidation of an appeal from a denial of a writ of habeas corpus, as well as an original proceeding seek-

ing such a writ, and it was there held the sentence under G. S. 1949, 21-107a was proper. In the fourth, a petition seeking a writ of habeas corpus was dismissed by the district court of Reno county for want of jurisdiction and on appellate review this order was affirmed in *Phillips v. Hand,* 183 Kan. 588, 331 P. 2d 291 (November 8, 1958).

In his instant petition for a writ of habeas corpus "Ad Subjiciendum" before the district court of Leavenworth county, petitioner, in substance, states that on October 4, 1952, he was sentenced under G. S. 1949, 21-702 and 21-107a, for not less than fifteen or more than twenty years, which sentence is illegal, null, void and contrary to federal justice, deprives him of due process of law and is repugnant to the fourteenth amendment of the federal constitution.

Petitioner contends he was deprived of his constitutional rights when the trial court sentenced him under 21-107a, and the procedure prescribed thereby, without any pretrial notice or judicial trial.

It is important to note that from the time of his original sentence in the 1952 appeal, when the state first introduced the identical previous convictions involved herein on the question of notice, until this appeal from the denial of the relief asked in his present petition, there has been no objection to the introduction of these previous convictions, no complaint of their correctness, or request to avoid them, and he does not now do so. Be that as it may, we shall proceed to determine whether his contention is tenable.

On September 29, 1952, petitioner, who was represented by able counsel, was tried and convicted for the commission of the crime of perjury in three counts under G. S. 1949, 21-701. On October 3, 1952, a motion for new trial was filed, which was overruled on October 4, 1952, and at that time, after being asked if there was any legal reason why sentence should not be pronounced, no legal reason was given. The state introduced evidence of former convictions:

March 10, 1947, Arizona (state), practicing surgery without a license, two to three years.

December 10, 1942, California (federal), defrauding the government, five years.

Whereupon the district court fixed a sentence of not less than fifteen or more than twenty years in our state penitentiary on each of the three counts, the three sentences to run concurrently.

Petitioner refers us to a number of decisions of the Supreme Court

of the United States and other state courts to substantiate his cause but they are not at all similar to his appeal here. The difference can best be illustrated by a brief reference to the case nearest in applicability (*Chandler v. Fretag*, 348 U. S. 3, 75 S. Ct. 1, 99 L. ed. 4) which was a habeas corpus appeal from the Supreme Court of Tennessee. While the sentence by the court in the criminal case had assessed a penalty for housebreaking and larceny, for which Fretag had waived counsel, when, by reason of the provisions of the habitual criminal act of Tennessee and Fretag's former convictions, the greater penalty was attempted to be assessed, defendant requested continuance to obtain his own counsel on the habitual criminal accusation, which was then denied him because of his previous waiver of counsel. As stated, in substance, by the Supreme Court of the United States, the Tennessee statute clearly authorizes an issue of fact as to the verity of such a record, or as to the identity of the accused with the person named therein. Proof of a defendant's prior convictions is a condition precedent to imposition of the increased punishment provided, and the question as to whether the defendant is an habitual criminal is one for the jury.

Two cogent reasons the Fretag case is not applicable here are that, first, the requirements of the Tennessee habitual criminal act are not in any manner like ours and, second, Fretag asked for a continuance *to get his own counsel*, which the Supreme Court apparently noticed *was not a request to have counsel appointed*. (Emphasis supplied.) Our petitioner, as has already been set out, was represented by able counsel.

Respondent relies on *Pennsylvania v. Ashe*, 302 U. S. 51, 58 S. Ct. 59, 82 L. ed. 43, where an order of the Pennsylvania Supreme Court denying the issuance of a writ of habeas corpus was considered. Very briefly, a Pennsylvania statute provides that when a convict breaks custody, upon conviction, he is to be sentenced to the same term that had been assessed for the commission of the crime that he was serving when he broke custody. The new sentence is to commence when the original one has been satisfied. Language used in the above case indicates a basic principle inherent in our own statutes and applicable to our present case:

"The principle is similar to that under which punishment of like crimes may be made more severe if committed by ex-convicts. Persistence in crime failure of earlier discipline effectively to deter or reform justify more drastic treatment." (pp. 54, 55.)

Other sections of the above opinion are also appropriate to our present case but we do not consider it necessary to prolong this opinion unduly by extensive quotations therefrom.

Petitioner argues his rights were prejudiced because no jury passed on his increased sentence under 21-107a. With the exception of capital punishment cases, in Kansas the trial court rather than the jury is empowered to determine the sentence in a felony case and in *State v. Andrews,* No. 41,984, 187 Kan. 458, 357 P. 2d 739, this day decided, the statement was made that,

"In cases where the court determines the sentence, such a matter is usually not a subject for the jury's concern [citations]." (p. 462.)

To say the least, it would be strange to give an habitual offender an opportunity to have a jury pass on the severity of 21-107a, when the statute has no such requirement, and when a defendant charged with a felony for the first time would have no such right.

In regard to the constitutionality of G. S. 1949, 21-107a, this proposition scarcely requires citation of authority for the reason it has been held to be constitutional many times. For one of our latest cases so holding, see *Dickerson v. Hand,* 186 Kan. 518, 520, 350 P. 2d 793, upon which certiorari was denied by the Supreme Court of the United States on November 14, 1960, _____ U. S. _____, 81 S. Ct. _____, 5 L. ed. 2d _____.

As stated in the Dickerson case, *supra,* petitioner here has totally failed to sustain the burden devolving upon him in this habeas corpus proceeding to make it affirmatively appear that the trial court, by its order denying the issuance of the writ, committed error which prejudicially affected petitioner's substantial rights. (*Wilson v. Hand,* 181 Kan. 483, 311 P. 2d 1009, *cert. den.,* 355 U. S. 916, 78 S. Ct. 346, 2 L. ed. 2d 276.)

The judgment is affirmed.