No. 43,191

CHARLES H. HALL, *Appellant*, v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Appellee*.

(375 P. 2d 632)

Opinion filed November 3, 1962.

*Charles H. Hall,* Appellant, *pro se.*

*Park McGee,* Assistant Attorney General, argued the cause, and *William M. Ferguson,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a judgment of the district court of Leavenworth County which, after full and complete hearing, denied petitioner's application for a writ of habeas corpus releasing him from the Kansas State Penitentiary, where he is now serving an unexpired sentence of imprisonment imposed, under the provisions of G. S. 1949, 21-107a, by the district court of Sedgwick County on the verdict of a jury finding him guilty of the crime of robbery in the first degree.

The facts and circumstances leading up to and resulting in appellant's present incarceration are reported and set forth in *State v. Hall,* 182 Kan. 331, 320 P. 2d 860. So are this court's reasons for the affirmance of the judgment of conviction. Therefore, since nothing is to be gained by repeating what is already in our reports we make, by reference, what is said in the decision of that case with regard to the matters to which we have just referred a part of this opinion, as fully and completely as if they were set forth at length herein.

Moreover, it is neither necessary nor required that we labor the confusing claims advanced and relied on by appellant as grounds for reversal of the trial court's judgment in the instant appeal. From the record presented it clearly appears that, in utter disregard of the requirements of Rule No. 5 (see 186 Kan. xi; G. S. 1949, 60-3826, "Rules of the Supreme Court No. 5"), appellant seeks a review of those claims with an abstract of record which contains no specification of errors whatsoever. Under such circumstances the now definitely established rule of this jurisdiction is that where an appellant has made no attempt to comply with the requirements of Rule No. 5 of this court, appellate review is precluded and his appeal must be dismissed.

We are neither inclined nor disposed to again labor the reasons responsible for the court's enunciation and application of the rule

just mentioned. It suffices to say the reasons have been considered and discussed, and the rule applied, under divers conditions and circumstances, in many decisions, both criminal and civil, to which we adhere. See, *e. g., Messmore v. Hand,* 185 Kan. 774, 775, 347 P. 2d 402; *Blevins v. Daugherty,* 187 Kan. 257, 259, 356 P. 2d 852; *State v. Armstrong,* 188 Kan. 567, 569, 570, 363 P. 2d 520; *Lemon v. Pauls,* 189 Kan. 314, 369 P. 2d 355, and the numerous decisions therein cited.

In passing it should perhaps be noted that, in the face of the record presented, there are two sound reasons for the affirmance of the instant appeal even if the foregoing established rule did not require its dismissal.

In the first place appellant, at the outset of his brief, states that the questions raised by his appeal deal with alleged trial violations. The record fails to disclose that he filed any motion for a new trial. Under our decisions, absent a motion for new trial, and for that matter absent an appeal from an order overruling a motion for a new trial, or in the event of a failure to specify the overruling of such a motion as error, there can be no re-examination of the issues of fact. See *Johnson v. Best,* 156 Kan. 668, 135 P. 2d 896; *State v. Turner,* 183 Kan. 496, 328 P. 2d 733, 359 U. S. 206, 3 L. Ed. 2d 759, 79 S. Ct. 739; *Prater v. Hand,* 185 Kan. 405, 345 P. 2d 634; *American State Bank v. Holding,* 189 Kan. 641, 643, 371 P. 2d 167; *Andrews v. Hand,* 190 Kan. 109, 110, 372 P. 2d 559. In the second our review of the record convinces us that in the habeas corpus case now under consideration appellant was really attempting to have a subsequent review of our decision in *State v. Hall,* 182 Kan. 331, 320 P. 2d 860, affirming his judgment and sentence. Under our repeated decisions (see *Germany v. Hudspeth,* 174 Kan. 1, 2, 252 P. 2d 858, and the numerous decisions of like import listed in West's Kansas Digest, Habeas Corpus, § 4) a habeas corpus proceeding is not a substitute for appellate review and cannot be used as a supplement to an appeal or as a guise for a second appeal.

Under the related facts and circumstances adherence to Rule No. 5 and the decisions heretofore cited requires that the instant appeal be dismissed.

It is so ordered.