**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**William EDWARDS a/k/a Willy Edwards, Defendant–Appellant.**

**No. 97CA0232.**

Colorado Court of Appeals, Div.V.

Dec. 24, 1998.

Certiorari Denied May 10, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Hugo Teufel, III, Deputy Solicitor General, Denver, Colorado, for Plaintiff–Appellee

David F. Vela, Colorado State Public Defender, Karen M. Gerash, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by Judge TAUBMAN.

Challenging the constitutionality of the habitual criminal statute, §16–13–103, C.R.S. 1998, on the ground that it denies a defendant the right to a jury trial on habitual criminal charges, defendant, William Edwards, appeals the trial court adjudication determining him to be a habitual criminal. We do not agree that the statute is unconstitutional and, therefore, affirm.

Defendant was convicted by a jury of first degree assault. In a hearing to the court, pursuant to §16–13–103, the court determined that defendant had six prior felony

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.1998.

convictions. It then sentenced him to a term of life imprisonment in the Department of Corrections, plus a period of parole. This appeal followed.

Prior to 1995, the habitual criminal statute required that "as soon as practicable, the hearing shall be conducted by the trial court before the jury impaneled to try the substantive offense charged." However, in 1995, the General Assembly amended the statute so that §16–13–103(1), C.R.S.1998, now provides that the "judge who presided at trial" is to "determine by separate hearing and verdict whether the defendant has been convicted as alleged." *See* Colo. Sess. Laws 1995, ch. 129, §§16–13–103 (1) and 16–13–103(4) at 467.

■ Raising an issue of first impression, defendant contends that the statute is unconstitutional because it establishes "an offense with elements" to which the right to a jury trial attaches. We are not persuaded.

■ The right to a trial by jury for criminal defendants is protected by both the Sixth Amendment and Colo. Const. art. II, §16. Such right applies to trials on the issue of guilt or innocence, but does not extend to sentencing. *Spaziano v. Florida*, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984); *see Moore v. People*, 707 P.2d 990 (Colo.1985)(Rovira, J., concurring).

While no Colorado court has addressed the issue whether there exists a right to a jury determination of habitual criminality, the supreme court has addressed relevant, related issues which guide us here.

■ The habitual criminal statute does not establish a substantive offense, but prescribes circumstances wherein a defendant convicted of a specific crime may be more severely punished because of his or her previous convictions. *Casias v. People*, 148 Colo. 544, 367 P.2d 327 (1961), *cert. denied,* 369 U.S. 862, 82 S.Ct. 952, 8 L.Ed.2d 20 (1962). As such, the statute relates only to sentencing enhancement for the underlying felony. *People v. Watkins*, 684 P.2d 234 (Colo.1984).

In other cases the supreme court has similarly contrasted sentence enhancers with substantive offenses. *Vega v. People*, 893 P.2d 107 (Colo.1995) (construing special offender statute as a sentence enhancer, not as a substantive offense); *Armintrout v. People*, 864 P.2d 576 (Colo.1993) (sentence enhancement for particular type of second degree burglary not an element of distinguishable offense).

Because criminal habitualness is a sentence enhancer, there is, therefore, no right to have a jury determine such status. *See Moore v. People, supra* (Rovira, J., concurring).

Defendant relies upon language in *People v. Quintana*, 634 P.2d 413 (Colo.1981) and *Moore v. People, supra,* to support his contention that, in habitual criminal proceedings, a defendant has a constitutional right to a jury trial. We conclude that such reliance is misplaced.

In *People v. Quintana, supra,* 634 P.2d at 419, the supreme court recognized that the trial of habitual criminal charges "stands in marked contrast to the ordinary sentencing hearing," and further asserted that the bifurcated trial provisions, the requirement of proof beyond a reasonable doubt, and the notification to the defendant of the prior convictions by separate counts in the information, are all manifestations of a legislative intent to:

> require that an adjudication of habitual criminality be made only in accordance with the same procedural and constitutional safeguards traditionally associated with a trial on guilt or innocence.

Defendant relies on similar language in *Moore v. People, supra,* 707 P.2d at 994, where the court stated:

> [B]ecause of the special nature of the habitual criminal adjudication process ... we conclude that any waiver of the jury trial guaranteed in habitual criminal adjudications must be governed by the same constitutional principles associated with a waiver of the right to a jury trial on felony criminal charges.

We interpret the quoted language in *Quintana* and *Moore* to indicate that constitutional principles applied to habitual criminality adjudications only because the General Assembly had created a statutory right to jury

trials for such proceedings. *See Moore v. People, supra* (Rovira, J., concurring) (nothing in majority opinion suggests there is constitutional right to have habitual criminal proceedings tried before a jury).

When *Quintana* and *Moore* were decided, there was still a statutory right to a jury determination of criminal habitualness, and the supreme court appropriately found that habitual criminal determinations should be made in accordance with traditional constitutional principles. *See Department of Health v. Donahue*, 690 P.2d 243 (Colo.1984)(where state promulgates more stringent standards than would be constitutionally required, deprivation of those standards violates due process).

As the People correctly assert, by the pre–1995 statutes, it was the intent of the General Assembly to provide defendants facing habitual criminal sentencing with greater procedural protections than would otherwise have been required under the United States Constitution or the Colorado Constitution. Thus, in 1995, when the General Assembly amended the statute to eliminate the provision for jury trials in habitual criminal adjudications, the right ceased to exist because it was grounded only in the statute and not in the federal or state constitution. *Cf. People v. Gray*, 920 P.2d 787 (Colo.1996) (advisement concerning defendant's right to testify not necessary in habitual criminal proceeding).

Therefore, *Quintana* and *Moore* do not require a contrary result.

Courts in other jurisdictions have similarly held that there is no right to jury trial in habitual criminal proceedings. *See Gilcrist v. Kincheloe*, 589 F.Supp. 291 (E.D.Wash. 1984); *Phillips v. Hand*, 187 Kan. 488, 357 P.2d 856 (1960); *Howard v. State*, 83 Nev. 53, 422 P.2d 548 (1967). *See also McDonald v. Commonwealth of Massachusetts*, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901); *United States v. Underwood*, 982 F.2d 426 (10th Cir.1992); *Massey v. United States*, 281 F. 293 (8th Cir.1922).

Based on the above considerations, we hold that there is no right under either the Colorado Constitution or the Sixth Amendment to a jury determination of habit-

ual criminality and, thus, that §16–13–103(1) is constitutional.

Judgment affirmed.

Judge MARQUEZ and Judge BRIGGS, concur.