Stegall, J., dissenting:
"That habeas corpus is not a substitute **507 for an appeal is elementary." State v. Shores , 187 Kan. 492, 493, 357 P.2d 798 (1960) ; see Germany v. Hudspeth , 174 Kan. 1, 2, 252 P.2d 858 (1953) ("this court is committed to the rule that a habeas corpus proceeding is not a substitute for appellate review"); see also Medina v. Choate , 875 F.3d 1025, 1029 (10th Cir. 2017), cert. denied --- U.S. ----, 138 S.Ct. 1573, 200 L.Ed.2d 762 (2018) (citing extensive caselaw to conclude that "the prisoner is limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief"). As the United States Supreme Court declared, "The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases," and this rule has been "so definitely established ... as to leave no room for further discussion." Johnson v. Hoy , 227 U.S. 245, 247, 33 S.Ct. 240, 241, 57 L.Ed. 497 (1913).
Thus, we have long held that a habeas proceeding "cannot be used to review nonjurisdictional errors and irregularities leading up to judgment." James v. Amrine , 157 Kan. 397, 399, 140 P.2d 362 (1943). This basic rule has never been questioned in Kansas, and today's majority does not explain why it should not preclude the relief Easterberg seeks.
The remedy the majority has crafted-a remand for fact-finding on a question of estoppel-makes it clear that Easterberg has appellate remedies. Procedural arguments like this (res judicata or claim preclusion) are bread-and-butter appellate claims. I would simply apply our long-standing rule that habeas corpus cannot serve as a substitute for ordinary, prejudgment complaints about the State's case. That is what an appeal is for.
Because I would dismiss Easterberg's petition on these grounds-refusal to exercise *976 jurisdiction when the petitioner has adequate alternative remedies-it is unnecessary for me to reach the complicated question of whether this writ falls outside our original jurisdiction under the Kansas Constitution. Given that a majority of the court has decided to exercise jurisdiction, however, I agree that a remand is necessary under these facts.